## CIMARRON HYDROCARBONS CORP., Appellant,

v.

## Bob E. CARPENTER, C.D. Consulting and Operating Co., and C.D. Roustabout CO. and Equipment Sales, Appellee.

No. 05–04–00184–CV.

Court of Appeals of Texas, Dallas.

Sept. 1, 2004.

Rehearing Granted Sept. 24, 2004.

Joseph W. Spence, Shannon, Gracey, Ratliff & Miller, L.L.P., Fort Worth, for Appellant.

Michael A. Miller, Miller & McCarthy, P.C., Dallas, for Appellee.

Before Justices FITZGERALD, RICHTER, and LANG.

## OPINION

Opinion by Justice LANG.

On remand from the Texas Supreme Court, we consider whether the trial court erred in granting summary judgment in favor of one of the parties, Bob E. Carpenter (Carpenter), in his individual capacity. This case involves a default summary judgment granted in favor of appellees, Carpenter and C.D. Consulting and Operating Company and C.D. Roustabout Company and Equipment Sales ("the C.D. Companies"), when appellant, Cimarron Hydrocarbons Co. ("Cimarron"), failed to timely respond to appellees' motions for traditional and no-evidence summary judgment. On Cimarron's original appeal, the Fort Worth Court of Appeals reversed the trial court.[1] The Supreme Court of Texas reversed the court of appeals and rendered judgment for the C.D. Companies, but remanded the case to the court of appeals to consider an issue regarding Carpenter's summary judgment not previously addressed.[2] Upon remand, this case was transferred to this Court. As directed by the supreme court, we now must address the legal sufficiency of Carpenter's motion for no-evidence summary judgment and determine whether the trial court erred by granting summary judgment in favor of

---

1. *Cimarron Hydrocarbons Corp. v. Carpenter,* 35 S.W.3d 692 (Tex.App.-Fort Worth 2000).

2. *Carpenter v. Cimarron Hydrocarbons Corp.,* 98 S.W.3d 682 (Tex.2002).

Carpenter in his individual capacity. For the reasons below, we reverse the trial court's judgment and remand this case for further proceedings.

## FACTUAL AND PROCEDURAL CONTEXT

Carpenter owned and operated the C.D. Companies, which contracted with Cimarron to select, furnish, and install casing in Cimarron's new oil and gas well. The casing failed as it was being cemented within the well bore, allowing cement to escape into the well bore. As a result the well could not be completed and, thus, never produced oil or gas. Cimarron sued Carpenter and the C.D. Companies for damages arising from the loss of the well, alleging that Carpenter and the C.D. Companies were negligent, violated the Deceptive Trade Practices Ace (DTPA), and breached express and implied warranties. As to Carpenter, individually, Cimarron specifically alleged that Carpenter: (1) represented and held himself out to be a knowledgeable engineer with vast experience in completing oil and gas wells, (2) misrepresented the quality of the casing he selected and the ability of the C.D. Companies to satisfactorily complete the well in a good and workmanlike manner, and (3) was negligent in installing the casing at the Cimarron well, thus causing the loss of the well. Based on the directive of the supreme court, we review Cimarron's appeal of summary judgment granted in favor of Carpenter.

In its appeal on remand, Cimarron raises two issues. Specifically, it contends the trial court erred in granting summary judgment in favor of Carpenter's no-evidence and traditional summary judgment motions. Cimarron's claims against Carpenter are based on negligence, misrepresentation, and violation of the DTPA. Cimarron argues that these are stand-alone claims and the fact that Carpenter owned and worked for the C.D. Companies, with which Cimarron had its contract for services, did not shield Carpenter from personal liability. Disputing Carpenter's suggestion that Cimarron needed to pierce the corporate veil, Cimarron argues that Carpenter's no-evidence motion failed to identify the specific elements of Cimarron's causes of action that lacked evidentiary support. Further, Cimarron contends that if Carpenter's motion were construed as a traditional motion for summary judgment, Carpenter's summary judgment evidence failed to establish his right to prevail as a matter of law.

Carpenter responds that Cimarron failed to assert these issues in the trial court or in its original appellate brief, and has therefore waived these issues. Further, Carpenter argues that he is entitled to summary judgment because his motion established that Cimarron could not produce evidence to support any of its causes of action against Carpenter.

## WAIVER

Carpenter argues that Cimarron failed to attack the legal sufficiency of Carpenter's no-evidence motion for summary judgment in the trial court or in its original appellate brief, and has thereby waived this issue. Cimarron responds that Cimarron specifically raised the legal insufficiency issue in its original appellate brief. Additionally, Cimarron argues that the majority of Texas appellate courts addressing this issue allow the nonmovant to object to a no-evidence motion's lack of required specificity for the first time on appeal.

The Texas courts of appeal are split on the issue of preservation when no response is filed to a no-evidence motion for summary judgment. *In re Estate of Swanson*, 130 S.W.3d 144 (Tex.App.-El Paso 2003, no

pet.); *Cuyler v. Minns*, 60 S.W.3d 209 (Tex.App.-Houston [14th Dist.] 2000, pet. denied); *Callaghan Ranch, Ltd. v. Killam*, 53 S.W.3d 1 (Tex.App.-San Antonio 2000, pet. denied); *Roth v. FFP Operating Partners, L.P.*, 994 S.W.2d 190 (Tex.App.-Amarillo 1999, pet. denied); *Williams v. Bank One, Texas, N.A.*, 15 S.W.3d 110 (Tex.App.-Waco 1999, no pet.). The Texas Supreme Court held that a nonmovant is not required to object to the legal sufficiency of a traditional motion for summary judgment to raise that complaint on appeal. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993). The fourth, eighth, and fourteenth courts of appeal have applied *McConnell* to legal sufficiency challenges raised for the first time on appeal to no-evidence motions for summary judgment. *Swanson*, 130 S.W.3d at 147 (applying *Cuyler* and *Callaghan Ranch*); *Cuyler*, 60 S.W.3d at 213–14; *Callaghan Ranch*, 53 S.W.3d at 3. This Court agrees with those courts concluding that no response need be filed to raise, on appeal, the legal insufficiency of a no-evidence motion for summary judgment. *See Crocker v. Paulyne's Nursing Home, Inc.*, 95 S.W.3d 416, 419 (Tex.App.-Dallas 2002, no pet.). Moreover, our review of the record reveals that Cimarron did in fact raise the legal sufficiency of Carpenter's no-evidence motion in its original appellate brief. Accordingly, we conclude that Cimarron did not waive its objection to the legal sufficiency of Carpenter's no-evidence summary judgment motion.

## MOTION FOR SUMMARY JUDGMENT

Carpenter claims that he cannot be held personally liable because he was acting as an agent of the C.D. Companies when he selected and installed the casing for Cimarron's well. He asserts that Cimarron had to plead and pierce the corporate veil in order to hold him personally liable.

Next, Carpenter argues that Cimarron's claims against him fall under contract and cannot be brought independently as torts. Cimarron responds that Carpenter was sued individually for his own negligence, misrepresentations, and DTPA violation. Further, it argues, Cimarron's contract was with the C.D. Companies, not with Carpenter individually, therefore Carpenter's contract argument fails.

### A. No Evidence Summary Judgment Under Tex.R. Civ. P. 166i

Under Texas Rules of Civil Procedure 166a(i), a party may move for summary judgment if no evidence exists to support one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. Tex.R. Civ. P. 166a(i); *Brewer & Pritchard, P.C. v. Johnson*, 7 S.W.3d 862, 866 (Tex.App.-Houston [1st Dist.] 1999) *aff'd* 73 S.W.3d 193 (Tex.2002). The moving party must allow adequate time for discovery and must state in the motion the elements on which there is no evidence. *See* Tex.R. Civ. P. 166a(i); *Brewer & Pritchard*, 7 S.W.3d at 866–67. The trial court must grant the motion unless the nonmovant produces more than a scintilla of evidence raising a genuine issue of material fact on the challenged elements. Tex.R. Civ. P. 166a(i); *Brewer & Pritchard*, 7 S.W.3d at 866–67; *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832–33 (Tex.App.-Dallas 2000, no pet).

### B. Summary Judgment Under Tex.R. Civ. P. 166a(c)

We review a summary judgment de novo. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied); *Reynosa v. Huff*, 21 S.W.3d 510, 512 (Tex.App.-San Antonio 2000, no pet.). The standards for reviewing a traditional summary judgment are well-estab-

lished. *See Sysco Food Servs. v. Trapnell,* 890 S.W.2d 796, 800 (Tex.1994); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). A party moving for traditional summary judgment carries the burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich,* 28 S.W.3d 22, 23 (Tex.2000) (per curiam). Once the defendant-movant presents summary judgment evidence that conclusively negates an element of the plaintiff's claims, the burden shifts to the plaintiff to put on competent controverting evidence sufficient to raise a fact issue. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995). When reviewing a motion for summary judgment, the court takes the nonmovant's evidence as true, indulges every reasonable inference in favor of the nonmovant, and resolves all doubts in favor of the nonmovant. *Willrich,* 28 S.W.3d at 23–24.

### C. Applicable Law

■ It is a longstanding rule in Texas that a corporate agent is personally liable for his own fraudulent or tortious acts, even when acting within the course and scope of his employment. *See Miller v. Keyser,* 90 S.W.3d 712, 717 (Tex.2002); *Light v. Wilson,* 663 S.W.2d 813, 815 (Tex. 1983); *Guilbeau v. Anderson,* 841 S.W.2d 517, 519 (Tex.App.-Houston [14th Dist.] 1992, no pet.). The plain language of the DTPA is in harmony with this rule. *Miller,* 90 S.W.3d at 717. "If there is evidence that the agent personally made misrepresentations, then that agent can be held personally liable." *Id.*

### D. Application of Law to Facts

■ To prevail on his no-evidence summary judgment motion, Carpenter had to show no evidence exists to support one or more elements of Cimarron's negligence, DTPA and breach of warranty claims. Carpenter based his motion for summary judgment solely on the position that because Carpenter, as owner of the C.D. Companies, was acting as an agent of the corporation, Cimarron had to pierce the corporate veil in order to hold Carpenter personally liable. Carpenter argued that Cimarron could produce no evidence to justify piercing the corporate veil or that showed Carpenter knowingly participated in the alleged wrongful conduct. The summary judgment evidence Carpenter produced included: (1) portions of a Steve Carter's deposition in which he, the owner of Cimarron, acknowledged that when he spoke to Carpenter about the job, he realized that Carpenter was acting as an employee of the C.D. Companies; (2) Cimarron's original petition; (3) a copy of the citation served on Carpenter "as owner and d/b/a [the C.D. Companies];" and (4) a portion of Carpenter's deposition in which Carpenter asserted that he performed the duties and tasks for Cimarron as a an employee of the C.D. Companies and as a consultant for Cimarron.

Our review of Carpenter's summary judgment motion reveals that he failed to show or even allege that no evidence exists to support one or more elements of Cimarron's negligence, DTPA, and breach of warranty claims against Carpenter in his individual capacity. While Carpenter argues that he cannot be held liable for the contractual obligations of the C.D. Companies unless Cimarron pierces the corporate veil, we conclude that Carpenter misconstrues the claims against him. Cimarron, in alleging claims against Carpenter, individually, was not suing Carpenter as the owner or agent of the C.D. Companies, but as an independently responsible actor. Cimarron's claims against Carpenter are based on Carpenter's own allegedly tortious or fraudulent acts.

Next, Carpenter cites *DeLanney*[3] and *Crawford v. Ace Sign*[4] to support his contention that Cimarron's claims cannot be recast as tort actions against Carpenter because they arise from the contract with the C.D. Companies. This issue, if preserved, does not apply to the case at bar. The contract involved in this case is between Cimarron and the C.D. Companies. The claims we address on appeal are against Carpenter, individually, for his own conduct, not that of the companies for which he negotiated the agreement. Cimarron has no contract with Carpenter under which to bring a contract claim. Thus, its negligence, DTPA, and breach of warranty claims cannot be a recasting of a contract claim. We conclude the trial court erred in granting Carpenter's no-evidence summary judgment motion. Accordingly, we resolve Cimarron's first issue in its favor.

To prevail on his traditional summary judgment motion, Carpenter had to present summary judgment evidence that conclusively negated an element of each of Cimarron's claims. Our review of the record shows Carpenter's summary judgment evidence established he was an employee of the C.D. Companies when he committed the alleged wrongful conduct and that Cimarron was aware of this fact. This evidence fails to conclusively negate an element of any of Cimarron's claims against Carpenter. Thus, we conclude the trial court erred in granting summary judgment in favor of Carpenter, individually. We resolve Cimarron's second issue favorably to it.

## CONCLUSION

Having resolved Cimarron's two issues favorably to it, we reverse the trial court's judgment and remand this case for further proceedings.

3. *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493 (Tex.1991).

4. *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12 (Tex.1996).