**Affirmed and Memorandum Opinion filed June 2, 2016.**



In the

# Fourteenth Court of Appeals

## NO. 14-15-00044-CV

## ERIN LYNN STOW, KATHERINE BRADLEY, AND INTERVENOR BRANDI TURNER, INDIVIDUALLY AND A/N/F C.S.1 AND C.S.2., MINORS, Appellants

## V.

## SLAMMIN 4, LLC, Appellee

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-49872**

## M E M O R A N D U M   O P I N I O N

Appellants Erin Lynn Stow, Katherine Bradley, and Intervenor Brandi Turner, individually and as next friend of minors C.S.1 and C.S.2 (collectively, the "Stow appellants"), brought negligence and gross-negligence claims against Slammin 4, LLC (the "Store"). The trial court granted no-evidence summary judgment in favor of the Store on all of the Stow appellants' negligence claims.

The Stow appellants challenge this ruling, arguing: (1) the trial court erred by granting summary judgment on their negligent-undertaking claims because the Store did not present this ground in its motion; (2) even if the court could have granted summary judgment on their negligent-undertaking claims, the Stow appellants presented sufficient evidence to survive summary judgment; (3) their negligent-undertaking claims are independent of any Texas Dram Shop claim against the Store; and (4) the Store owed a legal duty to the Stow appellants even absent a specific undertaking. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On the evening of June 17, 2011, Thomas Raymond Pennington consumed alcohol at various locations over an approximately four-hour period. Pennington drank two beers at his father's house. He then drank several beers at the Longhorn Bar & Grill. After leaving the bar, Pennington returned to his father's house, where he drank about half of a 24-ounce beer and smoked marijuana. Pennington left his father's house and took the half-full beer with him. He stopped at the Store and purchased a six-pack of beer. Pennington placed the unopened six-pack in the back seat of his truck and drove away from the Store. Pennington's truck collided with Kristopher Stow's motorcycle approximately one minute later. C.S.1, Kristopher's daughter, was a passenger on the motorcycle. Kristopher died and C.S.1 was injured. Kristopher was Erin Stow's husband and Katherine Bradley's son. C.S.2 is Kristopher's other minor child. Breath and blood testing revealed that Pennington was intoxicated.[1]

The Stow appellants filed various claims against multiple defendants, including Pennington, the bar, and the Store. The claims brought against the Store

---

[1] "Intoxicated" means having an alcohol concentration of 0.08 or more. Tex. Penal Code § 49.01(2)(B) (West 2015).

2

were negligence, gross negligence, and a violation of the Texas Dram Shop Act.[2] The Store filed a motion for no-evidence summary judgment with regard to the Dram Shop claims. The trial court granted this motion. The Store filed a second no-evidence motion for summary judgment with regard to the negligence and gross-negligence claims. When the Store filed its second no-evidence motion, the live pleading was the Stow appellants' fourth amended petition.

At the same time the Stow appellants filed their responses to the Store's second motion, they filed their fifth amended petition. In this fifth amended petition, the Stow appellants reasserted their negligence and gross-negligence claims, and under a separate section, alleged that the Store was liable based on negligent undertaking. The Stow appellants cited the Store document "Steps Required for Responsible Alcohol Beverage Service"—which states that the Store's employees are required to notify a manager when a customer shows signs of intoxication, urge any intoxicated customer wishing to leave the Store to use alternative transportation provided by the Store, and inform law enforcement authorities when intervention attempts fail. The Stow appellants alleged that the Store undertook to perform this service and failed to exercise reasonable care in performing the service. The trial court granted the Store's second no-evidence motion.

The case proceeded to trial against Pennington and the bar. The jury returned a verdict in favor of Stow and Bradley,[3] and the trial court signed its final judgment based on the verdict. The Stow appellants timely appealed the no-

---

[2] *See* Tex. Alco. Bev. Code Ann. §§ 2.01–.03 (West 2007).

[3] The record reflects that the Intervenor nonsuited all her claims against all defendants except the Store.

3

evidence summary judgments granted in favor of the Store.[4]

## STANDARD OF REVIEW

We review a trial court's granting of a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, we must affirm summary judgment if any of the grounds advanced is meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Oliphint v. Richards*, 167 S.W.3d 513, 516 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (citing *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000)).

A no-evidence motion for summary judgment is essentially a motion for a pretrial directed verdict and is governed by the standards of Texas Rule of Civil Procedure 166a(i). *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). After an adequate time for discovery, a party without the burden of proof may, without presenting evidence, seek summary judgment on the ground that there is no evidence to support one or more essential elements of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i).

The nonmovant must then present more than a scintilla of probative evidence that raises a genuine issue of material fact supporting each element contested in the motion. *See Forbes Inc. v. Granada Bioscis., Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). More than a scintilla of evidence exists when reasonable and fair-minded persons could differ in their conclusions. *Mendoza v. Fiesta Mart, Inc.*, 276 S.W.3d 653, 655 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

---

[4] Because the Stow appellants do not present any argument challenging the summary judgment granted in favor of the Store on their Texas Dram Shop claims, they have abandoned such claims. *See Duerr v. Brown*, 262 S.W.3d 63, 69 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Less than a scintilla of evidence exists if the evidence creates no more than a mere surmise or suspicion of a fact regarding a challenged element. *Id.* "We review the evidence . . . in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

Unless the nonmovant raises a genuine issue of material fact, the trial court must grant summary judgment. Tex. R. Civ. P. 166a(i). If the nonmovant satisfies its burden of production on the no-evidence motion, then the court cannot properly grant summary judgment. *See Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009).

**ANALYSIS**

**I.     The trial court properly could grant no-evidence summary judgment as to negligent undertaking.**

In their first issue, the Stow appellants contend that because the Store did not specifically challenge their negligent-undertaking claims, as alleged in their fifth amended petition, within the Store's second no-evidence motion, the trial court erred in granting the motion. The Store asserts that this issue is waived.

We first consider waiver. The Store supports its argument primarily based on cases where the nonmovant failed to present an objection to a motion for traditional summary judgment based on unclear or ambiguous grounds.[5] The Store, however, requested summary judgment in its second motion solely on a no-evidence basis.

While the Stow appellants present their first issue in terms of the inability of

---

[5] *See, e.g., Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013); *Judwin Props., Inc. v. Griggs & Harrison*, 911 S.W.2d 498, 503 (Tex. App.—Houston [1st Dist.] 1995, no writ).

trial courts to grant summary judgment on grounds not presented,[6] they essentially argue that the Store's no-evidence motion is insufficient as a matter of law because it did not enumerate the specific elements of negligent undertaking. We do not require an objection to review this issue. *See Cuyler v. Minns*, 60 S.W.3d 209, 213–14 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (challenge to no-evidence summary judgment motion based on legal insufficiency may be presented for first time on appeal). Although the Stow appellants failed to specially except or otherwise point out this alleged deficiency in the trial court, they may do so for the first time on appeal. *See id.*; *see also Knight v. We Care Kids Care, PLLC*, No. 14-13-00493-CV, 2014 WL 2446644, at *3 & n.2 (Tex. App.—Houston [14th Dist.] May 29, 2014, pet. denied) (mem. op.) (citing *Cuyler*, 60 S.W.3d at 213–14).[7]

Having declined to find waiver, we next consider whether the trial court's grant of summary judgment on "all negligence claims asserted by" the Stow appellants was proper based on the Store's second no-evidence motion.

"A motion for a no-evidence summary judgment must specifically 'state the elements as to which there is no evidence;' there may be no 'conclusory motions or general no-evidence challenges to an opponent's case.'" *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 147 (Tex. App.—Houston [14th Dist.] 2000, pet. denied)

---

[6] *See Johnson v. Brewer, P.C.*, 73 S.W.3d 193, 204 (Tex. 2002).

[7] *See also Garcia v. State Farm Lloyds*, 287 S.W.3d 809, 818 (Tex. App.—Corpus Christi 2009, pet. denied); *Holloway v. Tex. Elec. Util. Constr., Ltd.*, 282 S.W.3d 207, 213 (Tex. App.—Tyler 2009, no pet.); *Bean v. Reynolds Realty Group, Inc.*, 192 S.W.3d 856, 859–60 (Tex. App.—Texarkana 2006, no pet.); *Cimarron Hydrocarbons Corp. v. Carpenter*, 143 S.W.3d 560, 562–63 (Tex. App.—Dallas 2004, pet. denied); *In re Estate of Swanson*, 130 S.W.3d 144, 147 (Tex. App.—El Paso 2003, no pet.); *Callaghan Ranch, Ltd. v. Killam*, 53 S.W.3d 1, 3 (Tex. App.—San Antonio 2000, pet. denied); *cf. Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 n.8 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ("The Landerses correctly assert that the majority of courts have held that, even in the absence of a timely-filed response, a party may still challenge for the first time on appeal the legal sufficiency of a no-evidence motion for summary judgment.").

(quoting rule 166a(i) and 1997 cmt.). A motion that fails to identify and challenge one or more essential elements of a claim is insufficient as a matter of law and cannot sustain a no-evidence summary judgment. *Cuyler*, 60 S.W.3d at 212–13. Therefore, the Store would have had to state in its motion that there was no evidence of one or more essential elements of the Stow appellants' negligence claims. *See* Tex. R. Civ. P. 166a(i); *Cuyler*, 60 S.W.3d at 212–13.

The essential elements of negligence are: a legal duty owed by the defendant to the plaintiff, a breach of that duty, and damages proximately caused by that breach. *See IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason,* 143 S.W.3d 794, 799 (Tex. 2003). Proximate cause has two components: cause-in-fact and foreseeability. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005).[8]

To prevail on a theory of negligent undertaking, the plaintiff must show: (1) the defendant undertook to perform services that it knew or should have known were necessary for the plaintiff's protection, (2) the defendant failed to exercise reasonable care in performing those services, and (3) either the plaintiff relied upon the defendant's performance or the defendant's performance increased the plaintiff's risk of harm. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 838 (Tex. 2000). In addition, the plaintiff must prove that the defendant's breach proximately caused the plaintiff's injuries. *Doe v. Messina*, 349 S.W.3d 797, 800 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

*Fourth amended petition.* In the Stow appellants' fourth amended petition, under the heading "Negligence and Gross Negligence as to the Store," they alleged

---

[8] Cause-in-fact is established when the act or omission was a substantial factor in bringing about the injuries, and without it, the harm would not have occurred. *IHS Cedars Treatment Ctr.*, 143 S.W.3d at 799. Foreseeability means that the actor, as a person of ordinary intelligence, should have anticipated the dangers that his negligent act created for others. *Travis v. City of Mesquite,* 830 S.W.2d 94, 98 (Tex. 1992).

that the Store was vicariously liable for the negligence of its employees. The Stow appellants alleged that the Store's employees owed duties to them to follow the Store's policies and procedures concerning intoxicated persons, namely: to notify a manager when a customer shows signs of intoxication, to urge any intoxicated customer to use alternative transportation to depart the Store, and to inform law enforcement authorities when intervention attempts fail. The Stow appellants alleged that the Store's employees breached these duties by failing to take or even attempt such measures, which proximately caused their injuries and damages. They further alleged that the Store's acts and omissions rose to the level of gross negligence based on the clerk's actual, subjective awareness of the risk involved and his proceeding with conscious indifference to the rights, safety, or welfare of others. The Stow appellants did not include the term "negligent undertaking."

*No-evidence motion.* In its second no-evidence motion, the Store asserted that the Stow appellants could not prove the required elements to recover on a claim of negligence or gross negligence. The Store laid out the requisite elements of negligence as: the defendant owed a legal duty to the plaintiff; the defendant breached that duty; and such breach proximately caused the plaintiff's injury. The Store argued the Stow appellants could not produce any evidence that the Store owed a legal duty to them. The Store also argued the Stow appellants had no evidence that the Store's employees failed to follow the Store's policies and procedures and, in any event, anything its employees did or did not do "in that regard would have made any difference in the outcome of the events following Pennington's exit from the store." The Store argued the Stow appellants had no evidence that anything the Store's employees did or did not do was a cause-in-fact of their injuries: "There is no causal connection between the alleged failure of [the Store's] employees to follow store policies and procedures and the injuries for

8

which [the Stow appellants] sue." The Store did not include the term "negligent undertaking."

*Fifth amended petition.* In their fifth amended petition, the Stow appellants alleged the exact same allegations as in their fourth amended petition under the same heading "Negligence and Gross Negligence as to the Store." In addition, the Stow appellants included a separate heading—"Negligent Undertaking as to the Store." To support such "negligent undertaking" claim, they described and attached a Store document entitled, "Steps Required for Responsible Alcohol Beverage Service." The Stow appellants alleged that in accordance with this document, all employees were required to follow the following procedures:

> (5) It is the employee's responsibility to notify a manager when a customer shows signs of intoxication or is requesting alcoholic beverages above the limits of responsible beverage service.

> (6) Any intoxicated customer wishing to leave the establishment will be urged to use alternative transportation provided by the establishment. (This can be a cab service, designated driver, etc. You may also want to list incentives for the designated driver, such as free non-alcoholic beverages, free appetizers, or a discount on a meal or non-alcoholic beverages.).

> (7) All employees are obligated to inform law enforcement authorities when intervention attempts fail.

The Stow appellants alleged the Store undertook to perform the service that it knew was necessary for their protection but the Store's employees failed to exercise reasonable care to perform such service. The Stow appellants alleged that such lack of performance increased the risk of harm to them and was a proximate cause of the collision and resulting damages. They further alleged that the Store was vicariously liable for the negligence of its employees in failing to follow policies and procedures. Finally, the Stow appellants alleged that such acts or omissions rose to the level of gross negligence based on the Store clerk's actual,

9

subjective awareness of the risk involved and his proceeding with conscious indifference to the rights, safety, or welfare of others.

While this court acknowledges the need for compliance with rule 166a(i), at the same time we recognize that "a plaintiff may not side-step a no-evidence summary judgment merely by filing an amended claim." *Compare Fuqua*, 29 S.W.3d at 147–48 (trial court erred in granting summary judgment where amended petition included new claims conversion and quantum meruit and no-evidence motion did not address essential elements of those claims), *with Lampasas v. Spring Ctr., Inc.*, 988 S.W.2d 428, 435–37 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (corrected op.) (trial court properly granted summary judgment where amended petition alleged "new variations of [plaintiff's] original negligence claims" and no-evidence motion challenged same essential elements of duty, breach, and causation).

For example, in *Lampasas v. Spring Center*, the plaintiff asserted in his original petition that the defendants were negligent in connection with their causing or failing to prevent a warehouse fire based on a lack of fire protection equipment. 988 S.W.2d at 435. The defendants' no-evidence motion stated that there was no evidence of any duty, breach, or causation. *Id.* at 436. The plaintiff then amended his petition to include new variations of negligence based on insurance-related failures and misrepresentations. *Id.* at 435–36. In considering whether the trial court properly could grant the no-evidence motion, we stated:

> However, all these new variations in his second amended petition sound in negligence and are composed of the same essential elements, duty, breach, and causation, which were already challenged in appellees' motion. The issues of the lease and its terms, as well as the relationships of the various parties, were already clearly joined before the court. . . . [B]ased on the facts before us, the amended petition merely reiterates the same essential elements in another fashion, and

10

the motion for summary judgment adequately covers these new variations.

*Id.* at 436–37. We therefore concluded that the trial court correctly had granted summary judgment. *Id.* at 437.

In their fourth amended petition, the Stow appellants alleged the failure of the Store's employees to follow its policies and procedures as the factual basis for their negligence and gross-negligence claims. Although the Stow appellants employed the term "negligent undertaking" and quoted the specific language from the Store's policy document for the first time in their fifth amended petition, they alleged exactly the same underlying factual basis for their negligence and gross-negligence claims—the failure of the Store's employees to follow its policies and procedures. They attacked the same failures to notify a manager, urge use of alternative transportation, and inform law enforcement. Any alleged "variation" in their fifth amended petition therefore continued to "sound in negligence." *See id.* at 436–37.

In its second no-evidence motion, the Store specifically challenged the essential elements of duty, breach, and proximate cause (namely, cause-in-fact) of the Stow appellants' negligence and gross-negligence claims.[9] The Store argued that there was no evidence of these elements as particularly tied to its policies and procedures. The Stow appellants included the Store's policy document in their

---

[9] The Store did not challenge the additional elements of gross negligence. *See Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998) ("Gross negligence includes two elements: (1) viewed objectively from the actor's standpoint, the act or omission must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others."). However, because a finding of negligence is a prerequisite to a finding of gross negligence, where a trial court properly grants no-evidence summary judgment on a plaintiff's negligence claim, the court also properly grants summary judgment on a plaintiff's gross-negligence claim. *Messina*, 349 S.W.3d at 804.

responses to the Store's no-evidence motion. Plus, the Intervenor's response expressly focused on a negligent-undertaking theory based on the Store's employees' failures to follow the Store's policies and procedures. As a result, the issues of the Store's policies and its employees' alleged failures to follow them "were already clearly joined before the court." *Id.* at 437. Moreover, just because the Store's second no-evidence motion did not explicitly use the term "negligent undertaking" or include the additional factual predicates specific to duty under a theory of negligent undertaking,[10] *see Torrington*, 46 S.W.3d at 840, this does not diminish the Store's specific challenges to the elements of breach and proximate cause (namely, cause-in-fact) common to both negligence and negligence based on negligent undertaking.[11] In other words, as long as the Stow appellants failed to meet their burden of production on either of these core elements of negligence, any theory based on negligent undertaking also necessarily would fail.

We conclude that *Lampasas* controls.[12] As in *Lampasas*, the Store's second

---

[10] Such factual predicates here are that the Store undertook to perform services it knew or should have known were necessary for the Stow appellants' protection and that the Store's performance increased their risk of harm.

[11] *See Messina*, 349 S.W.3d at 800 ("Although a plaintiff asserting a claim for negligent undertaking must prove additional elements relative to the defendant's assumption of a duty, the plaintiff must also prove that the defendant's breach proximately caused the plaintiff's injuries." (footnote omitted and citing *Torrington*, 46 S.W.3d at 838)); *cf. Williams v. Sable*, No. 14-09-00806-CV, 2011 WL 238288, at *1, 4–5 (Tex. App.—Houston [14th Dist.] Jan. 25, 2011, no pet.) (mem. op.) (affirming traditional summary judgment on all negligence claims where each of plaintiff's negligence, negligence per se, and gross negligence claims included foreseeability element of proximate cause and defendant conclusively negated foreseeability).

[12] *See also Ramirez v. First Liberty Ins. Corp.*, 458 S.W.3d 568, 575 (Tex. App.—El Paso 2014, no pet.) ("Given that making a misrepresentation is a common element in the claims and Liberty moved for [no-evidence] summary judgment on this common element, we find that Liberty's summary judgment motion directed at the alleged violation of Section 541.051(1)(A) was sufficiently broad to reach the alleged violations of Sections 541.003, 541.051(1)(B), and 541.061." (citing *Lampasas*, 988 S.W.2d at 437)); *Carpenter v. Campbell Hausfeld Co.*, No. 01-13-00075-CV, 2014 WL 1267008, at *7–8 (Tex. App.—Houston [1st Dist.] Mar. 27, 2014, no pet.) (mem. op.) (concluding that "[defendant's] original [no-evidence] summary judgment motion addressing [plaintiff's] strict products-liability cause of action sufficiently encompassed

no-evidence motion specifically challenged essential elements of, and therefore sufficiently covered, the negligent-undertaking claims first expressly asserted in the Stow appellants' fifth amended petition.

We overrule the Stow appellants' first issue.

## II. The trial court properly granted no-evidence summary judgment.

We now turn to the merits. In their second issue, the Stow appellants argue that they presented sufficient evidence to survive summary judgment on their negligent-undertaking claims.

Because the trial court's no-evidence summary judgment fails to specify the grounds upon which the trial court relied, we must affirm the judgment if any of the grounds advanced is meritorious. *See Carr*, 776 S.W.2d at 569; *Oliphint*, 167 S.W.3d at 516. The Stow appellants primarily focus their briefing on the duty element of negligent undertaking.[13] However, setting aside any discussion of duty, as long as the trial court properly could have granted summary judgment either based on a lack of evidence of breach or proximate cause (namely, cause-in-fact), we must affirm. *See Messina*, 349 S.W.3d at 800, 804 & n.6 (upholding summary judgment on proximate cause and not reaching duty).

With regard to breach, the Stow appellants argue that they raised a fact issue

[plaintiff's] later-added negligence cause of action, and the trial court therefore properly rendered summary judgment in favor of [defendant] on both of [plaintiff's] causes of action" (citing *Fuqua*, 29 S.W.3d at 147; *Lampasas*, 988 S.W.2d at 437)); *Los Cucos Mexican Cafe, Inc. v. Sanchez*, No. 13-05-578-CV, 2007 WL 1288820, at *3–4 (Tex. App.—Corpus Christi May 3, 2007, no pet.) (mem. op.) ("[A]lthough appellees' first motion may not have explicitly challenged Los Cucos' claim for unjust enrichment/quantum meruit, appellees' motion for summary judgment stated there was no evidence of the existence of any proprietary, confidential, or trade secret information, an element common to the complained-of causes of action. We therefore hold their first summary judgment motion was broad enough to encompass these later-pled claims." (citing *Lampasas*, 988 S.W.2d at 436–37)).

[13] The Stow appellants' fourth issue also concerns duty, but apart from any specific undertaking.

because neither the Store nor any of its employees performed any part of the Store's protocol regarding responsible alcohol beverage service. However, nowhere within their briefing do the Stow appellants contend that they raised a fact issue regarding the cause-in-fact component of proximate cause. Instead, the Stow appellants argue a jury reasonably could infer "from the circumstantial evidence" that the Store's breach of its duties "increased the risk of harm" to them.[14] Increased risk of harm is one of the additional factual predicates under the duty element of a theory of negligent undertaking. *See Torrington*, 46 S.W.3d at 840. But increased risk of harm is not cause-in-fact, which requires a showing that the particular defendant's act or omission at issue was a substantial factor in bringing about the plaintiff's injuries and, without it, the harm would not have occurred. *See IHS Cedars Treatment Ctr.,* 143 S.W.3d at 799. Cause-in-fact requires more than merely furnishing a condition which makes the injuries possible, *see id.*, or placing a person in a particular place at a particular time, *see Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 472 (Tex. 1991).

The trial court could have granted summary judgment on all of the Stow appellants' negligence and gross-negligence claims, including their negligent-undertaking claims, based on a lack of evidence of the cause-in-fact component of causation. Because the Stow appellants do not attack this independent, alternative

---

[14] The entirety of the Stow appellants' argument states:

**C. Slammin 4's breach of its duties increased the risk of harm to the claimants.**

The fatal collision occurred less than a minute after Pennington drove away from the store. Had Slammin 4 arranged for alternate transportation, Pennington would not have been driving. Had Slammin 4 delayed Pennington's departure for even sixty seconds—by having him eat something, or drink a cup of coffee, or wait to talk to a manager of peace officer—the collision would not have occurred. A jury can easily, reasonably infer from the circumstantial evidence that Slammin 4's conduct increased the risk of harm to the claimants.

14

basis for the trial court's granting no-evidence summary judgment, we must affirm the trial court's summary judgment. *See Morrell Masonry Supply, Inc. v. Brickland Homes, Inc.*, No. 14-12-00684-CV, 2013 WL 5883799, at \*3 (Tex. App.—Houston [14th Dist.] Oct. 31, 2013, no pet.) (mem. op.) (citing *Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.)); *Anderton v. Cawley*, 378 S.W.3d 38, 57 (Tex. App.—Dallas 2012, no pet.) (where appellant does not challenge every ground on which trial court could have granted no-evidence summary judgment, appellate court must affirm).

In any event, the Stow appellants do not point to any specific evidence in the record that could raise a fact issue regarding cause-in-fact. The Stow appellants do not cite any of the evidence submitted with their no-evidence responses,[15] much less provide any discussion of how any such evidence would meet their burden to establish a genuine fact issue on cause-in-fact. Nor did they do so in their responses in the trial court.[16] Consequently, we conclude that the Stow appellants failed to carry their burden to produce more than a scintilla of evidence of cause-in-fact, and the trial court did not err in granting summary judgment against all of their negligence claims. *See Moon Sun Kang v. Derrick*, No. 14-13-00086-CV, 2014 WL 2048424, at \*8 (Tex. App.—Houston [14th Dist.] May 15, 2014, pet. denied) (mem. op.) (affirming no-evidence summary judgment where plaintiffs only included general citations to evidence in trial court and failed to cite any

---

[15] The record contains the following exhibits submitted with the Stow appellants' responses: the Store's policy document, excerpts from the deposition of a DPS trooper, and excerpts from Pennington's deposition.

[16] Stow and Bradley argued that proximate cause in Dram Shop claims only requires proving a causal link between Pennington's intoxication and their injuries, not between the Store's conduct and their injuries. However, no Dram Shop claims are at issue on appeal. The Intervenor did not argue that she raised a fact issue on cause-in-fact and did not cite any evidence regarding cause-in-fact with regard to the Store's, as opposed to Pennington's, conduct.

specific evidence on appeal).

We overrule the Stow appellants' second issue.[17]

**CONCLUSION**

Accordingly, we affirm the trial court's judgment.

/s/    Marc W. Brown
Justice

Panel consists of Justices Boyce, Busby, and Brown.

---

[17] Because we affirm the trial court's summary judgment based on no evidence of cause-in-fact, we need not address the Stow appellants' other issues. *See* Tex. R. App. P. 47.1.