

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00011-CV
## No. 10-08-00012-CV

**AHF-ARBORS AT HUNTSVILLE I, LLC,**
**AND AHF-ARBORS AT HUNTSVILLE II, LLC**

                                                            **Appellants**

 **v.**

**WALKER COUNTY APPRAISAL DISTRICT,**

                                                            **Appellee**


**From the 12th District Court**
**Walker County, Texas**
**Trial Court Nos. 0522992 and 0522994**


# MEMORANDUM OPINION

In these two related appeals, Appellants AHF-Arbors at Huntsville I, LLC (Arbors I) and AHF-Arbors at Huntsville II, LLC (Arbors II) appeal from orders denying their motions for summary judgment and from orders granting Appellee Walker County Appraisal District's no-evidence motions for summary judgment. We will affirm.

These cases center around two Huntsville apartment complexes, each owned

respectively by Arbors I and Arbors II (collectively referred to as Arbors). Arbors sought an exemption from the Walker County Appraisal District (the Appraisal District) from ad valorem taxes for part of the 2003 tax year under subsection 11.182(b) of the Property Tax Code on the ground that its business operations satisfied that subsection and because Arbors I and Arbors II are limited liability companies whose sole member is Atlantic Housing Foundation, Inc., a state-certified charitable organization and community housing development organization (CHDO). *See* TEX. PROP. TAX CODE § 11.182(b) (Vernon 2008). The Chief Appraiser and Appraisal Review board denied the requested exemption, which Arbors appealed in the trial court.

The Appraisal District filed a no-evidence motion for summary judgment in each case, asserting there was no evidence that:

a.     AHF-Arbors (I and II) is a charitable institution;

b.     AHF-Arbors (I and II) met the organizational requirements of section 11.182(b);

c.     AHF-Arbors (I and II) has rented without profit to low or moderate income individuals or families, under section 11.182(c);

d.     AHF-Arbors (I and II) has made expenditures in lieu of taxes, under section 11.182(d);

e.     AHF-Arbors (I and II) has met the audit requirements of section 11.182(g);

f.     AHF-Arbors (I and II) applied for or received an exemption before January 1, 2004;

g.     AHF-Arbors (I and II) met the requirements of 42 U.S.C. § 12704.

Arbors moved for summary judgment, contending that it was exempt from ad valorem taxes because Atlantic Housing Foundation, Inc., the sole member of its limited

liability company, is a state-certified, tax-exempt charitable organization and CHDO and because Arbors itself is also an exempt entity under subsection 11.182(b) because of its nonprofit operations. In each case, the trial court sustained all of the Appraisal District's objections to Arbors's summary-judgment evidence, denied Arbors's motion for summary judgment, and granted the Appraisal District's no-evidence motion for summary judgment without stating any grounds. Asserting three issues, Arbors appeals.

We review a trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In reviewing a traditional motion for summary judgment, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). We must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion. *See id.* at 756.

A no-evidence motion for summary judgment is essentially a motion for pretrial directed verdict. *Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 581 (Tex. 2006); *see also Humphrey v. Pelican Isle Owners Ass'n*, 238 S.W.3d 811, 813 (Tex. App.—Waco 2007, no pet.). Once such a motion is filed, the burden shifts to the nonmoving party to present evidence raising an issue of material fact as to the elements specified in the motion. *Tamez,* 206 S.W.3d at 583. The nonmovant must produce "summary judgment evidence raising a genuine issue of material fact." TEX. R. CIV. P. 166a(i); *see id.* Comment 1997

("To defeat a motion made under paragraph (i), the respondent is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements."). A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). On the other hand, the evidence amounts to no more than a scintilla if it is "so weak as to do no more than create a mere surmise or suspicion" of fact. *Id.* When determining if more than a scintilla of evidence has been produced, the evidence must be viewed in the light most favorable to the nonmovant. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004).

When competing motions for summary judgment are filed and one is granted and the other is denied, the general rule is that an appellate court should determine all questions presented and render the judgment the trial court should have rendered if the motions sought final judgment. *Texas Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004); *American Housing Found. v. Brazos County Appraisal Dist.*, 166 S.W.3d 885, 887 (Tex. App.—Waco 2005, pet. denied).

Arbors's three issues on appeal are: (1) whether the trial court erred in granting the Appraisal District's no-evidence motion for summary judgment when case law provides that Arbors qualifies for the tax exemption because it is wholly owned by a certified charitable organization; (2) whether the trial court erred in ruling that there

was no evidence that Arbors qualified for the tax exemption; and (3) whether Arbors's motion for summary judgment should have been granted because it qualifies as a tax-exempt charitable organizations.

Subsection (b) of section 11.182, which is entitled "Community Housing Development Organizations Improving Property for Low-Income and Moderate-Income Housing: Property Previously Exempt," provides:

> (b) An organization is entitled to an exemption from taxation of improved or unimproved real property it owns if the organization:
> (1) is organized as a community housing development organization;
> (2) meets the requirements of a charitable organization provided by Sections 11.18(e) and (f);
> (3) owns the property for the purpose of building or repairing housing on the property to sell without profit to a low-income or moderate-income individual or family satisfying the organization's eligibility requirements or to rent without profit to such an individual or family; and
> (4) engages exclusively in the building, repair, and sale or rental of housing as described by Subdivision (3) and related activities.

TEX. PROP. TAX CODE § 11.182(b).

Exemptions from taxation are not favored by the law and will not be favorably construed. *North Alamo Water Supply Corp. v. Willacy County Appraisal Dist.*, 804 S.W.2d 894, 899 (Tex. 1991). Statutory exemptions from taxation are subject to strict construction because they undermine equality and uniformity by placing a greater burden on some taxpaying businesses and individuals rather than placing the burden on all taxpayers equally. *Id.* Accordingly, the burden of proof of clearly showing that the organization falls within the statutory exception is on the claimant seeking the exemption. *Id.*

Among other Tax Code requirements to obtain a subsection 11.182(b) exemption, Arbors must have complied with subsection 11.182(g), which the Legislature added to section 11.182 in 2001:

> (g) To receive an exemption under Subsection (b) or (f), an organization must annually have an audit prepared by an independent auditor. The audit must include a detailed report on the organization's sources and uses of funds. A copy of the audit *must* be delivered to the Texas Department of Housing and Community Affairs *and* to the chief appraiser of the appraisal district in which the property subject to the exemption is located.

Act of May 21, 2001, 77th Leg., R.S., ch. 1191, § 1, 2001 Tex. Gen. Laws 2694, 2696 (emphasis added) (current version at TEX. PROP. TAX CODE § 11.182(g) (Vernon 2008)).

One of the grounds in the Appraisal District's no-evidence motion for summary judgment was that there was no evidence that Arbors had met subsection 11.182(g)'s audit requirements. In response, in each case Arbors filed summary-judgment evidence, including the affidavit of Carol McBride, which states in pertinent part:

> Arbors has expended an amount equal to or greater than 40% of its annual tax savings on social programs in Walker County. Each year since its acquisition of the Property, Arbors has provided an audit to the chief appraiser detailing the fact that such expenditures have been made, and for the years 2004, 2005, and 2006, the audit has also included an opinion of the auditor that the Property, and Arbors as owner, has been in full compliance with Texas Tax Code Sec. 11.182.[1]

On appeal, the Appraisal District urges that the trial court properly granted its no-evidence motion for summary judgment on the ground that Arbors did not provide summary-judgment evidence that it fully complied with subsection 11.182(g) because

---

[1] The trial court sustained the Appraisal District's objections to this paragraph of McBride's affidavit. We will assume without deciding that the trial court's ruling was erroneous.

McBride's affidavit fails to show that Arbors delivered its audits to the Texas Department of Housing and Community Affairs. We agree.

To defeat the Appraisal District's no-evidence motion, Arbors was required to present some evidence that it delivered its audits to the Texas Department of Housing and Community Affairs, but it did not do so. And to be entitled to summary judgment on its own motion, Arbors must have clearly shown its compliance with subsection 11.182(g). *North Alamo,* 804 S.W.2d at 899. It failed to do so. The trial court could have properly granted the Appraisal District's no-evidence motion and denied Arbors's motion on subsection 11.182(g) alone. *See Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 625 (Tex. 1996). We overrule Arbors's second and third issues in each case and need not address its first issue in each case.

The trial court's judgment in each case is affirmed.


REX D. DAVIS
Justice


Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed July 21, 2010
[CV06]