

# IN THE
## TENTH COURT OF APPEALS

—————————————

### No. 10-21-00051-CV

**ERNEST PACHECO,**

**Appellant**

 **v.**

**EOG RESOURCES INC.,**

**Appellee**

—————————————

**From the 12th District Court**
**Walker County, Texas**
**Trial Court No. 1929164**

## MEMORANDUM OPINION

Ernest Pacheco brought a premises liability action against EOG Resources, Inc.

EOG filed a traditional and no-evidence motion for summary judgment. After a hearing,

the trial court granted EOG's motion for summary judgment. We affirm.

### BACKGROUND FACTS

EOG, an oil and gas production company, and Premier Tank Truck Services

(Premier) entered into an agreement in which Premier would provide services at EOG

well sites. Premier employees were designated as independent contractors under the agreement. Ernest Pacheco was an employee of Premier Tank Truck Service. On April 2, 2017, Pacheco was dispatched to an EOG well site to remove solid waste from the well site to a designated disposal facility. When he stepped down from his truck, Pacheco stepped into a hole filled with water and injured his knee.

In its motion for traditional and no-evidence motion for summary judgment, EOG argued that Chapter 95 of the Civil Practice and Remedies Code applied. EOG additionally argued that summary judgment was proper under the no-evidence standard set out in TEX. R. CIV. P. 166a (i) because there was a lack of competent evidence of: (1) a concealed condition that presented an unreasonable risk of harm; (2) actual or constructive knowledge that a premises condition posed an unreasonable risk of harm; (3) breach of duty; and (4) proximate causation.

## STANDARD OF REVIEW

We review a trial court's summary judgment de novo. *Provident Life & Accident Insurance Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The movant in a traditional summary judgment motion must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985). In reviewing a traditional motion for summary judgment, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *See Goodyear Tire*

*& Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex.2 007). We must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion. *See id*. at 756. In our review, we take the nonmovant's competent evidence as true. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005).

A no-evidence motion for summary judgment is essentially a motion for pretrial directed verdict. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex. 2006); *see also Humphrey v. Pelican Isle Owners Ass'n*, 238 S.W.3d 811, 813 (Tex. App. —Waco 2007, no pet.). Once such a motion is filed, the burden shifts to the nonmoving party to present evidence raising an issue of material fact as to the elements specified in the motion. *Tamez*, 206 S.W.3d at 583. The nonmovant must produce "summary judgment evidence raising a genuine issue of material fact." TEX. R. CIV. P. 166a (i). When determining if more than a scintilla of evidence has been produced, the evidence must be viewed in the light most favorable to the nonmovant. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex.2004).

When a party moves for summary judgment under both traditional and no evidence motions for summary judgment, we first review the trial court's summary judgment under the standards of Rule 166a(i). *See Ford Motor Co. v. Ridgway*, 135 S.W.3d at 600. Rule 166a (i) provides that:

> A party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on

which an adverse party would have the burden of proof at trial. The motion
must state the elements as to which there is no evidence.

TEX. R. CIV. P. 166a (i).

## SUMMARY JUDGMENT

In the first issue, Pacheco argues that the trial court erred in granting EOG's

motion for summary judgment because there were fact issues on each of the elements of

his premises liability lawsuit. In the second issue, Pacheco argues that Chapter 95 of the

Texas Civil Practice and Remedies Code does not apply as a matter of law to the facts of

this case. In the third issue, Pacheco argues that there is a fact issue regarding whether

EOG had constructive knowledge of an unreasonably dangerous condition on its

premises.

> Chapter 95 of the Texas Civil Practice and Remedies Code applies only to a claim:
>
> (1) against a property owner, contractor, or subcontractor for personal injury, death, or property damage to an owner, a contractor, or a subcontractor or an employee of a contractor or subcontractor; and
> (2) that arises from the condition or use of an improvement to real property where the contractor or subcontractor constructs, repairs, renovates, or modifies the improvement.

TEX. CIV. PRAC. REM. CODE ANN. § 95.002 (West).

The general rule is that an owner or occupier does not have a duty to see that an

independent contractor performs work in a safe manner. *Redinger v. Living, Inc.*, 689

S.W.2d 415, 418 (Tex. 1985). Under the common law, an independent contractor or its

employee can recover against a property owner for premises liability or negligence if the

owner exercised some control over the relevant work and either knew or reasonably should have known of the risk or danger. *Ineos USA, LLC v. Elmgren*, 505 S.W.3d 555, 561 (Tex. 2016). When Chapter 95 applies, however, it grants the property owner additional protection by requiring the plaintiff to prove that the owner "had actual knowledge of the danger or condition," so the owner is not liable based merely on what it reasonably should have known. TEX. CIV. PRAC. & REM. CODE § 95.003(2); *Ineos USA, LLC v. Elmgren*, 505 S.W.3d at 561.

EOG contracted with Premier Tank Truck Service to remove waste products from the well site. Pacheco was dispatched to the EOG well site to remove solid waste from the well site and transport them to a disposal facility. There is nothing in the summary judgment evidence to show that EOG exercised any control over the work of Premier Tank Truck Service or Pacheco. Therefore, EOG did not owe a duty to Pacheco as an employee or borrowed servant.

Moreover, there is no summary judgment evidence that EOG knew or reasonably should have known about the hole. An owner's or occupier's knowledge of a dangerous condition can be actual or constructive. *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014); *Daniels v. Allsup's Convenience Stores, Inc.*, 604 S.W.3d 461, 466 (Tex. App. —Amarillo 2020, pet. den'd). Actual knowledge is knowledge "of the dangerous condition at the time of the incident, not merely the possibility that a dangerous condition could develop over time." *City of Corsicana v. Stewart*, 249 S.W.3d 412, 413-14 (Tex. 2008) (per curiam); *Daniels*

*v. Allsup's Convenience Stores, Inc.*, 604 S.W.3d at 466. "Constructive knowledge is a substitute in the law for actual knowledge." *Daniels v. Allsup's Convenience Stores, Inc.*, 604 S.W.3d at 466. In premises liability cases, constructive knowledge can be established by showing that the dangerous condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102 (Tex. 2000); *Daniels v. Allsup's Convenience Stores, Inc.*, 604 S.W.3d at 466. In applying this "time-notice rule," courts have analyzed "the combination of proximity, conspicuity, and longevity." *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567-68 (Tex. 2006); *Daniels v. Allsup's Convenience Stores, Inc.*, 604 S.W.3d at 466.

Pacheco does not know when the hole was created. Pacheco only knew that the hole was there when he arrived on the premises at approximately 6:45 p.m. and was there at 7:45 p.m. when he stepped out of his truck. Pacheco asserts in his brief that because the hole was filled with water, it would have taken at least fifteen hours for rain to have filled the nine-inch hole. However, there is no summary judgment evidence establishing this time frame. The summary judgment evidence does not establish that the alleged dangerous condition, the hole, existed long enough for EOG to have discovered it upon reasonable inspection. Accordingly, there is no summary judgment evidence that EOG had constructive notice of the hole. The trial court did not err in granting EOG's motion for summary judgment. We overrule the first issue and third issues. Because we find that the summary judgment evidence does not establish that EOG owed a duty to

Pacheco or that EOG had constructive knowledge of the hole, we need not determine whether Chapter 95 of the Civil Practice and Remedies Code applies to the facts of this case. Therefore, we need not address the second issue. *See* TEX. R. APP. P. 47.1.

In the fourth issue, Pacheco argues that there is evidence that he was injured as a result of stepping into a hole on EOG's premises. In the fifth issue, Pacheco argues that he was an invitee on EOG's premises and EOG owed a duty of care. Because of our disposition of Pacheco's first and third issues, we need not address the fourth and fifth issues. *See* TEX. R. APP. P. 47.1.

## SUMMARY JUDGMENT EVIDENCE

In the sixth issue, Pacheco argues that EOG's objections to his initial summary judgment evidence were never ruled upon by the trial court. In the seventh issue, Pacheco argues that EOG's objections to his additional summary judgment evidence were never ruled upon by the trial court.

On December 11, 2020, EOG filed objections to Pacheco's summary judgment evidence specifically complaining about the affidavit of Pacheco. There is nothing in the record to indicate the trial court ruled on EOG's objections. Pacheco contends that the trial court erred to the extent it considered EOG's objections to his affidavit. Because there is nothing in the record to indicate that the trial court considered and sustained EOG's objections, we have not excluded consideration of the affidavit in our review of the trial court's judgment. We overrule the sixth issue.

On December 11, 2020, Pacheco filed a motion for leave to file an additional response to EOG's motion for summary judgment. There is nothing in the record to show that the trial court ruled on Pacheco's motion to file an additional response. Pacheco contends that the trial court erred to the extent it did not consider his additional summary judgment evidence. Because the motion to file an additional response to EOG's motion for summary judgment was filed three days before the scheduled hearing, Pacheco was required to obtain leave of court. The trial court did not grant Pacheco leave to file additional summary judgment evidence. Therefore, we cannot say that the trial court erred in failing to consider the additional summary judgment evidence. We overrule the seventh issue.

## CONCLUSION

We affirm the trial court's judgment.

STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed December 29, 2021
[CV06]

