

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00019-CV

**MARK D. MATTLAGE-THURMOND AKA
MARK D. MATTLAGE, ROBERT JEWEL
SNOWDEN AKA ROBERT J. SNOWDEN,**

                                          **Appellants**

 **v.**

**FIRST NATIONAL BANK OF MCGREGOR
D/B/A TFNB YOUR BANK FOR LIFE,**

                                          **Appellees**

---

### From the County Court at Law No. 1
### McLennan County, Texas
### Trial Court No. 20210905CV1

---

## MEMORANDUM OPINION

---

First National Bank of McGregor d/b/a TFNB Your Bank for Life (TFNB) filed a

forcible detainer suit against Mark D. Mattlage-Thurmond and Robert Snowden in the

Justice of the Peace Court, Precinct 4, of McLennan County. That court entered judgment

in favor of TFNB. Mattlage and Snowden appealed to the County Court at Law of

McLennan County.  That court found in favor of TFNB and ordered that TFNB recover the property in dispute and attorney fees.  Mattlage and Snowden appeal.  We affirm.

## BACKGROUND

The property at issue is a 185 acre tract located in McLennan County, Texas. Mattlage's family owned the property since 1883, and Mattlage and Snowden eventually became the owners of the property.  Mattlage and Snowden obtained construction loans from TFNB to develop the property for a men's retreat.  The loans were secured by Deeds of Trust on the property.  TFNB extended the maturity of the loans and also restructured the loans to interest only payments.  Mattlage and Snowden eventually stopped making payments on the loans, and TFNB began the process for foreclosure of the property. Mattlage and Snowden filed for bankruptcy to prevent foreclosure.

Mattlage and Snowden filed suit in district court in McLennan County alleging fraud and fraudulent inducement claims asserting that there was an agreement to consolidate the construction loans.  The district court issued a temporary restraining order preventing the foreclosure.  The district court suit was removed to bankruptcy court, and the temporary restraining order was dissolved by the bankruptcy court.  TFNB proceeded with the foreclosure of the property.  The bankruptcy court granted TFNB's motion for summary judgment against Mattlage and Snowden's claims including fraudulent inducement, intentional misrepresentation, and fraud.  Mattlage and Snowden appealed the bankruptcy court's order granting TFNB's motion for summary

judgment to the United States District Court for the Western District of Texas in Waco. That Court affirmed the bankruptcy court's rulings and dismissed the appeal. Mattlage and Snowden filed a notice of appeal in the United States Court of Appeals for the Fifth Circuit. On August 18, 2022, the Fifth Circuit affirmed the bankruptcy court's ruling granting TFNB's motion for summary judgment on Mattlage and Snowden's fraud and fraudulent inducement claims. *In the Matter of: Mark Dale Mattlage-Thurmond; Robert Jewell Snowden; Mark Dale Mattlage-Thurmond; Robert Jewell Snowden v. First National Bank of McGregor*, No. 22-50021, 2022 U.S. App. LEXIS 23047 (5th Cir. August 18, 2022) (per curiam).

On May 14, 2021, TFNB filed a forcible detainer suit in the justice court. The justice court found in favor of TFNB, and Mattlage and Snowden appealed to the County Court at Law. Mattlage and Snowden filed a plea to the jurisdiction seeking to have the county court dismiss the suit for lack of jurisdiction. The trial court denied the plea to the jurisdiction and entered summary judgment in favor of TFNB. Mattlage and Snowden filed a notice of appeal in this Court on January 27, 2022.

On January 28, 2022, Mattlage and Snowden filed an emergency motion in this Court seeking to suspend execution of the trial court's judgment, and this Court denied the motion on that same day. On February 2, 2022, Mattlage and Snowden filed a Motion for Emergency Stay asking this Court to stay the issuance of a writ of possession pending the final outcome and disposition of their appeal or, in the alternative, issue a writ of

injunction. On that same day, this Court issued an order staying the issuance of the writ of possession and requesting a response from TFNB on the motion. On March 23, 2022, this Court entered an order lifting its stay of the issuance of the writ of possession and denying the alternative request for a writ of injunction. Mattlage and Snowden then filed an Emergency Petition for Writ of Mandamus, or in the alternative Writ of Prohibition in the Texas Supreme Court, and both were denied. The writ of possession was executed on April 5, 2022.

## JURISDICTION OF THIS COURT

We must first address the jurisdiction of this Court to consider the appeal. TFNB argues in a motion to dismiss that this Court lacks jurisdiction to consider this appeal. Section 24.007 of the Texas Property Code provides that a "final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only." TEX. PROP. CODE ANN. § 24.007 (West). We agree with TFNB that the property is not used for residential purposes only. However, Section 24.007 does not preclude appellate review of a county court at law's subject matter jurisdiction. *Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex. App. — Dallas 2001, no pet.). Mattlage and Snowden are challenging the county court at law's subject matter jurisdiction. Therefore, this Court has jurisdiction to determine if the county court at law had subject matter jurisdiction. *Id*. We deny TFNB's motion to dismiss.

## SUBJECT MATTER JURISDICTION

In the first issue, Mattlage and Snowden argue that the trial court lacked subject matter jurisdiction to consider the cause because there was no valid deed of trust and thus no valid landlord tenant relationship. The trial court denied Mattlage and Snowden's plea to the jurisdiction in which they made that same argument. Mattlage and Snowden contend that they obtained five short-term loans from TFNB with the agreement that the loans would be consolidated into one loan at the completion of the construction project. Mattlage and Snowden maintain that they would not have signed the deed of trust but for the assurance from TFNB that the construction loans would be consolidated into one loan. They argue that the deed of trust is invalid because it was obtained by fraud and that the invalid deed of trust renders the landlord tenant relationship invalid.

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action. *Texas Department of Transportation v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Whether the trial court has subject matter jurisdiction is a question of law that we review de novo. *Texas Natural Resource Commission n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). The plaintiff has the burden of alleging facts that affirmatively establish the trial court's subject-matter jurisdiction. *Texas Association of Business. v. Texas Air Control Board*, 852 S.W.2d 440, 446 (Tex. 1993). In determining whether jurisdiction exists, we accept the allegations in the pleadings as true and construe them liberally in favor of

the plaintiff. *Texas Department Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id* at 227-228.

In its pleadings, TFNB alleged that Mattlage and Snowden executed a note secured by a deed of trust and that the deed of trust contained the following language:

> If any of the Property is sold under this deed of trust, Grantor must immediately surrender possession to the purchases. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser for forcible detainer.

The pleadings allege that Mattlage and Snowden became tenants at sufferance of TFNB as a result of the foreclosure. The pleadings further allege that TFNB provided written notice to Mattlage and Snowden to vacate the property, but they refused to vacate. TFNB's pleadings allege facts that show a superior right of possession.

A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person:

> (1) is a tenant or a subtenant willfully and without force holding over after the termination of the tenant's right of possession.
> (2) is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease; or
> (3) is a tenant of a person who acquired possession by forcible entry.

TEX. PROP. CODE ANN. § 24.002 (West). Jurisdiction of forcible detainer actions is expressly given to the justice court of the precinct where the property is located and, on appeal, to county courts for a trial de novo. TEX. PROP. CODE ANN. § 24.004 (West); *Rice v. Pinney*, 51 S.W.3d at 708. The appellate jurisdiction of a statutory county court is

Mattlage-Thurmond v. First National Bank of McGregor d/b/a TFNB Your Bank for Life          Page 6

confined to the jurisdictional limits of the justice court, and the county court has no jurisdiction over an appeal unless the justice court had jurisdiction. *Rice v. Pinney*, 51 S.W.3d at 708. A justice court is expressly denied jurisdiction to determine or adjudicate title to land. TEX. GOV'T CODE ANN. § 27.031(b) (West); *Rice v. Pinney*, 51 S.W.3d at 708. Accordingly, notwithstanding its grant of general jurisdiction, a statutory county court has no jurisdiction to adjudicate title to real estate in a de novo trial following an appeal of a forcible detainer suit from justice court. *Rice v. Pinney*, 51 S.W.3d at 708.

The sole focus of a forcible-detainer action is the right to immediate possession of real property. *Shields Limited Partnership v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017). To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Rice v. Pinney*, 51 S.W.3d at 709. However, where the right to immediate possession necessarily requires resolution of a title dispute, the justice court has no jurisdiction to enter a judgment and may be enjoined from doing so. *Id*. Because a forcible detainer action is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this state, the displaced party is entitled to bring a separate suit in the district court to determine the question of title. *Id*. Forcible detainer actions in justice courts may be brought and prosecuted concurrently with suits to try title in district court. *Id*.

A justice court or county court at law is not deprived of jurisdiction merely by the existence of a title dispute, but is deprived of jurisdiction only if "the right to immediate possession necessarily requires the resolution of a title dispute." *Rice v. Pinney*, 51 S.W.3d at 713. A justice court and, on trial de novo, a county court have been given exclusive jurisdiction to decide the issue of immediate possession. *Id*. That jurisdiction cannot be infringed upon as long as the court merely determines possession. *Id*. Thus, it is only when the justice or county court must determine title issues that it is without jurisdiction to adjudicate a forcible detainer case. *Id*.

The county court at law had before it a deed of trust that provided that Mattlage and Snowden would become tenants at sufferance and subject to a forcible detainer action if they refused to vacate the property after request. The trial court had an independent basis to determine the issue of immediate possession without resolving the issue of title to the property. *See Rice v. Pinney*, 51 S.W.3d at 711. We find that the County Court at Law had jurisdiction to consider the cause and did not err in denying the plea to the jurisdiction.

Moreover, Mattlage and Snowden brought their fraud claims before the bankruptcy court, and the bankruptcy court ruled against them on those claims. The United States Court of Appeals for the Fifth Circuit affirmed the bankruptcy court's judgment. We overrule the first issue.

## SUMMARY JUDGMENT

In the second issue, Mattlage and Snowden argue that the trial court erred in granting TFNB's motion for summary judgment. TFNB filed a traditional and no-evidence motion for summary judgment.

We review a trial court's summary judgment de novo. *Provident Life & Accident Insurance Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The movant in a traditional summary judgment motion must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985). We must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion. *See id*. at 756. In our review, we take the nonmovant's competent evidence as true. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005).

A no-evidence motion for summary judgment is essentially a motion for pretrial directed verdict. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex. 2006); *see also Humphrey v. Pelican Isle Owners Ass'n*, 238 S.W.3d 811, 813 (Tex. App.—Waco 2007, no pet.). Once such a motion is filed, the burden shifts to the nonmoving party to present evidence raising an issue of material fact as to the elements specified in the motion. *Tamez*, 206 S.W.3d at 583. The nonmovant must produce "summary judgment evidence raising a genuine issue of material fact." TEX. R. CIV. P. 166a (i). When determining if

more than a scintilla of evidence has been produced, the evidence must be viewed in the light most favorable to the nonmovant. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004).

Mattlage and Snowden first argue that they were entitled to a jury trial on the question of whether any attorney's fees are reasonable and necessary. Section 24.006 of the Texas Property Code allows TFNB to recover attorney's fees. TEX. PROP. CODE. ANN. § 24.006 (West). TFNB included a request for attorney's fees in the Petition for Forcible Entry and Detainer and in its Motion for Summary Judgment. TFNB included the affidavit of their attorney as summary judgment evidence stating that $17,175.00 is a reasonable and necessary attorney fee for the work he performed. An attorney's affidavit can sufficiently establish reasonable attorney's fees on motion for summary judgment. *Melton v. CU Members Mortgage*, 586 S.W.3d 26, 37 (Tex. App.—Austin 2019, pet. den'd); *Querner Truck Lines v. Alta Verde Industries, Inc.*, 747 S.W.2d 464, 468 (Tex. App.—San Antonio 1988, no writ). The attorney for the nonmovant may file an affidavit contesting the reasonableness of the movant's attorney's affidavit in support of attorney's fees, thus creating a fact issue. *Melton v. CU Members Mortgage*, 586 S.W.3d at 37. Mattlage and Snowden did not file any controverting evidence challenging the reasonableness of the attorney's fees. We cannot say that the trial court erred in granting summary judgment on attorney's fees.

Mattlage and Snowden next argue that the trial court erred in granting the motion for summary judgment because the Foreclosure Sale Deed is defective and not authorized to be recorded. They contend that the signature of the Trustee is not acknowledged. The Foreclosure Sale Deed is signed by Austin H. England as Substitute Trustee. The Foreclosure Sale Deed contains an affidavit signed and acknowledged by Austin H. England.

Mattlage and Snowden further contend that the Foreclosure Affidavits are not affidavits at all because they have acknowledgements rather than jurats. The Government Code defines "affidavit" as "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." TEX. GOV'T CODE ANN. § 312.011(1) (West); *Mansions in the Forest, L.P. v. Montgomery County*, 365 S.W.3d 314, 316 (Tex. 2012). That definition contains the "statutory requirements" for an affidavit. *Mansions in the Forest, L.P. v. Montgomery County*, 365 S.W.3d at 316. When an affidavit meets the Government Code's requirements, it may be presented as summary judgment evidence if it complies with Texas Rule of Civil Procedure 166a(f). *See* TEX. R. CIV. P. 166a(f); *Mansions in the Forest, L.P. v. Montgomery County*, 365 S.W.3d at 316. When a written statement does not meet this basic definition, however, it is "no affidavit at all." *Mansions in the Forest, L.P. v. Montgomery County*, 365 S.W.3d at 316.

The Foreclosure Affidavits are in writing signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under seal of her office. While the Government Code requires that an affidavit be sworn to, it does not require a jurat or clause stating that the writing was sworn to before the officer. TEX. GOV'T CODE ANN. § 312.011(1); *Mansions in the Forest, L.P. v. Montgomery County*, 365 S.W.3d at 316. We find that the Foreclosure Sale Deed was not defective and was authorized to be recorded. We overrule the second issue.

## CONCLUSION

We affirm the trial court's judgment.

STEVE SMITH
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
(Chief Justice Gray dissenting)*
Affirmed; motion denied
Opinion delivered and filed September 28, 2022
[CV06]



*(Chief Justice Gray concurs in the Court's opinion and judgment on the Court's jurisdiction to review the trial court's judgment on the issues unrelated to possession. But to the extent that appellants argue the foreclosure sale deed is defective, this Court does not have jurisdiction of that issue because it relates directly to possession and we have no jurisdiction of that issue in this appeal. *See* TEX. PROP. CODE ANN. § 24.007.).