**William "Bo" BEAN, Jr., Appellant**

v.

**REYNOLDS REALTY GROUP, INC., and Richard Reynolds, William J. Fuerst, and Jack W. Gooding, Individually and as Officers and Directors of Reynolds Realty Group, Inc., Appellees.**

No. 06–05–00121–CV.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 15, 2006.

Decided May 9, 2006.

---

David J. Potter, David J. Potter & Associates, Texarkana, for appellant.

Charles G. Hall, Attorney At Law, and Jack W. Gooding, Gooding Law Firm, Texarkana, for appellee.

Before ROSS, CARTER, and CORNELIUS,* JJ.

## OPINION

Opinion by Justice CARTER.

William "Bo" Bean, Jr., appeals from a take-nothing summary judgment rendered in his lawsuit against Reynolds Realty Group, Inc., and Richard Reynolds, William J. Fuerst, and Jack W. Gooding, Individually and as Officers and Directors of Reynolds Realty Group, Inc. (Reynolds), and against the corporation itself. The undisputed facts show that Bean was one of four directors of the corporation, and an owner of twenty-five percent of the common stock, and that the corporation is a Texas Close Corporation. The Shareholder Agreement is dated March 2001.

The major focus of Bean's argument rests on his contention that the other directors acted in a way not permitted by the Shareholder Agreement by creating bylaws over his objections. Bean argues that, by so doing, the other directors substituted bylaws for the Shareholder Agreement—and that this was improper because the Agreement provided that it could not be modified unless all parties agreed in writing.

Summary judgment evidence shows that, after some disagreement about the

propriety of some of Bean's behavior, the appellees barred Bean from access to the offices of the corporation and from its assets November 11, 2002. Further, the appellees held a meeting of the stockholders December 30, 2002, and over Bean's objections, adopted bylaws to replace the Shareholder Agreement. Nearly a year later, on November 7, 2003, a stockholders' meeting was held, with all four present, and the corporation was dissolved.

There is evidence that, at dissolution, the intention was to liquidate the assets of this corporation and divide them among the four stockholders. Bean alleged that the controlling stockholders neither created a schedule for distribution, nor distributed its assets, and that the remaining trio formed a separate entity that he believes used all the assets (including furniture, equipment, and cash) of the Group.

## Procedural Problems

■ We first recognize that Reynolds filed a motion for summary judgment that contains no grounds on which the trial court could grant a judgment. Rather than filing a motion for summary judgment setting out grounds, Reynolds filed a pro forma motion simply alleging that "there is no evidence to support the plaintiff's causes of actions and allegations." Reynolds also filed a brief with attachments. In response, Bean filed only a denial with attachments. This is not proper practice.

■ An appellate court errs in affirming the trial court's judgment when a motion for summary judgment states no grounds. *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 344 (Tex.1993). "Specific grounds for summary judgment must be expressly presented in the motion for summary judgment itself and not in a brief filed contemporaneously with the mo-

tion or in the summary judgment evidence because a 'brief in support' of a motion is not a motion, answer, or response as contemplated by Texas Rule of Civil Procedure 166a." *Id.* at 339; *Protective Life Ins. Co. v. Russell,* 119 S.W.3d 274, 285 (Tex.App.-Tyler 2003, pet. denied). The term "grounds" refers to the reasons entitling the movant to summary judgment. *McConnell,* 858 S.W.2d at 339. Even a no-evidence summary judgment motion must allege that there is no evidence of an essential element of the adverse party's claim. *Southwestern Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex.2002). The motion must state the elements as to which there is no evidence. TEX.R. CIV. P. 166a(i). A motion that merely states there is no evidence to support the other party's claim is insufficient. If the motion is not specific in challenging a particular element of a claim or defense, it is insufficient as a matter of law. *See Abraham v. Ryland Mortgage Co.,* 995 S.W.2d 890, 892 (Tex. App.-El Paso 1999, no pet.).

■ Even if the nonmovant fails to except or respond, if the grounds for summary judgment are not expressly presented in the motion for summary judgment itself, the motion is legally insufficient as a matter of law. The Texas Supreme Court has concluded that Rule 166a(c) does not require a nonmovant to except to the legal sufficiency of a traditional motion for summary judgment. *McConnell,* 858 S.W.2d at 342. Several of our sister courts have applied *McConnell* to a no-evidence motion for summary judgment. We agree with the majority of the courts that have considered the issue, that the sufficiency of a no-evidence summary judgment motion may be challenged for the first time on appeal.[1] *Cimarron Hydrocarbons Corp. v.*

1. We acknowledge that the Waco and Amarillo courts require the nonmovant to object to

*Carpenter,* 143 S.W.3d 560, 564 (Tex.App.-Dallas 2004, pet. denied); *In re Estate of Swanson,* 130 S.W.3d 144, 147 (Tex.App.-El Paso 2003, no pet.); *Crocker v. Paulyne's Nursing Home, Inc.,* 95 S.W.3d 416, 419 (Tex.App.-Dallas 2002, no pet.); *Cuyler v. Minns,* 60 S.W.3d 209, 213 (Tex.App.-Houston [14th Dist.] 2001, pet. denied); *Callaghan Ranch, Ltd. v. Killam,* 53 S.W.3d 1, 3–4 (Tex.App.-San Antonio 2000, pet. denied). Reynolds' motion did not comply with these requirements and is insufficient as a matter of law.

Further, the Texas Supreme Court has held that summary judgment cannot be granted except on the grounds expressly presented in the motion. *Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 204 (Tex.2002); *Trebesch v. Morris,* 118 S.W.3d 822, 827 (Tex.App.-Fort Worth 2003, pet. denied). We, therefore, cannot affirm the summary judgment on a basis not stated in Reynolds' motion. *See McConnell,* 858 S.W.2d at 339; *Vansteen Marine Supply, Inc. v. Twin City Fire Ins. Co.,* 93 S.W.3d 516, 520 (Tex.App.-Houston [14th Dist.] 2002, pet. denied).

Thus, we are confronted with a motion of the type that is insufficient as a matter of law. The motion contains no grounds on which the summary judgment could be granted. We are also confronted with the general rule that an appellate court may not reverse a judgment for a reason not raised in a point of error. *See Walling v. Metcalfe,* 863 S.W.2d 56, 58 (Tex.1993); *Vawter v. Garvey,* 786 S.W.2d 263, 264 (Tex.1990) (summary judgment); *Segal v. Emmes Capital, L.L.C.,* 155 S.W.3d 267, 272 (Tex.App.-Houston [1st Dist.] 2004, pet. dism'd).

Bean presents a general point on appeal. The Texas Supreme Court has held that a general point of error stating that "the trial court erred in granting [the] motion for summary judgment" will allow the non-movant to dispute on appeal all possible grounds for the judgment. *Plexchem Int'l, Inc. v. Harris County Appraisal Dist.,* 922 S.W.2d 930 (Tex.1996); *Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970). This Court has previously concluded it has the discretion to allow an appellant who advances only a general point of error in his or her brief, but who fails to argue all grounds the movant advanced at trial, to challenge the unargued grounds on appeal. *Stevens v. State Farm Fire & Cas. Co.,* 929 S.W.2d 665, 670 (Tex. App.-Texarkana 1996, writ denied).

> If the appellee "waives" a ground by not arguing it on appeal, this would relieve the movant of its burden even though *Malooly* seems to allow a single general point of error to bring all possible grounds into issue. Strictly following that rule, we would be required to affirm the summary judgment even if the trial court erred on a ground not argued on appeal, and even though the general point of error is sufficient to attack all grounds.
>
> . . . .
>
> If a general point of error simply is a request for the appellate court to conduct a de novo review of the trial court's judgment, the appellate court can, as a practical matter, step into the trial court's shoes and can, by reviewing the pleadings and evidence as raised in the motion and response, determine whether the trial court properly granted judgment. The appellee still must meet its

the sufficiency of the motion for summary judgment under Rule 166a(i) to preserve the complaint. *See Williams v. Bank One, Tex., N.A.,* 15 S.W.3d 110, 117 (Tex.App.-Waco 1999, no pet.); *Roth v. FFP Operating Partners, L.P.,* 994 S.W.2d 190, 194–95 (Tex.App.-Amarillo 1999, pet. denied).

appellate burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.

*Id.* at 669–70.

■ This case is unique in that the motion itself set forth no grounds on which a trial court could grant a summary judgment. Since it is not necessary to object at trial to a motion for summary judgment that is legally insufficient, we conclude we have the discretion to consider the legal insufficiency of the summary judgment motion even though the issue is only raised by a general point of error. We choose to exercise that discretion in this case.

Because of the complete inadequacy of the motion for summary judgment, we conclude the trial court erred by rendering judgment thereon, and we reverse the judgment in its entirety.

We also note, in passing, other procedural shortfalls. First, we observe that Bean filed an amended petition that was evidently disregarded by Reynolds in preparing his motion for summary judgment. That petition added several specific causes of action that were not addressed by the brief attached to the motion for summary judgment.

■ A summary judgment movant may not (as a matter of law) be granted judgment on a cause of action not addressed in a summary judgment proceeding. *Jacobs v. Satterwhite*, 65 S.W.3d 653, 656 (Tex.2001). Thus, if the plaintiff amends the petition to add new causes of action after being served with a motion for summary judgment, the defendant must file an amended or supplemental motion to address the newly-pleaded causes of action. *See Johnson v. Rollen*, 818 S.W.2d 180, 183 (Tex.App.-Houston [1st Dist.]

1991, no writ); *Harris v. Varo, Inc.*, 814 S.W.2d 520, 526 (Tex.App.-Dallas 1991, no writ). If the defendant fails to address the newly-pleaded causes of action, summary judgment may not be granted, as a matter of law, on the additional causes of action. *Avary v. Bank of Am., N.A.*, 72 S.W.3d 779, 791 (Tex.App.-Dallas 2002, pet. denied); *see Harris*, 814 S.W.2d at 526. Thus, even if we considered Reynolds' brief as a motion, summary judgment on all of Bean's claims save only the bylaws argument raised in the initial petition and addressed in the brief attached to Reynolds' motion for summary judgment was improper. *See Espalin v. Children's Med. Ctr. of Dallas*, 27 S.W.3d 675, 688 (Tex. App.-Dallas 2000, no pet.) ("A summary judgment that purports to dispose of causes of action not addressed in the summary judgment motion is erroneous.").[2]

In the amended petition, which superseded the original petition, Bean asked the trial court to order the corporation to return to him his one-fourth of the net company assets (as explained in detail in a number of other paragraphs) as of the time he was locked out of the business, and asked the court to appoint a receiver because, despite the unanimous decision at a stockholders' meeting to dissolve the corporation and distribute those assets, the controlling stockholders had not done so. Bean further requested indemnity by the appellees for all actions taken by them after November 11, 2002. He further prayed for judgment against the appellees, jointly and severally, for hotel and convention expenses, and for $5,040.00 for a real estate commission. Even the brief accompanying the motion for summary judgment did not address those issues in any respect.

---

**2.** Rule 166a provides that a summary judgment shall be rendered on the "pleadings ... on file at the time of the hearing...." Tex.R. Civ. P. 166a.

**862**

In a further procedural shortfall, we must also recognize that a party may normally appeal only from final orders or judgments. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001). "[A] judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Id.* at 192–93. Here, the summary judgment explicitly states it "finally disposes of all parties and claims and is appealable." When, as in this case, a defendant moves for summary judgment on only one of multiple claims asserted by the plaintiff, but the trial court renders judgment that the plaintiff take nothing on all claims asserted, the judgment is indeed final—erroneous, but final. *Id.* at 200. A judgment that grants more relief than a party is entitled to is subject to reversal, but it is not, for that reason alone, interlocutory. *Id.*

In this case, the brief accompanying the motion for summary judgment did not address all of Bean's claims for relief.[3] Thus, the judgment, though apparently final on its face and thus appealable, is erroneous.

We reverse the judgment and remand the case to the trial court for further proceedings.

MORRISS, C.J., Not Participating.

---

**3.** We further note that, although Bean complains about the bylaws at some length, there is no evidence of the content of those bylaws, and no copy of the bylaws before this Court. It also appears likely that the main focus of the underlying suit is the shareholders' failure to dissolve the corporation and distribute the net proceeds—as they had determined to do, but that issue was not squarely presented either below or on appeal.