**Janie HUMPHREY, as Trustee of The Humphrey Family Trust, Appellant,**

v.

**PELICAN ISLE OWNERS ASSOCIATION, Albert Aylor, Jackie Green, and Dan Carroll, Appellees.**

No. 10–06–00264–CV.

Court of Appeals of Texas, Waco.

Sept. 26, 2007.

M. Jason Ankele, Sullivan & Cook LLC, Dallas, TX, for Appellant/Relator.

Jeffrey C. Irion, Attorney At Law, Gun Barrel City, George B. Slade, Attorney At Law, Austin, TX, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Appellant Janie Humphrey, Trustee of the Humphrey Family Trust, owns property at the Richland Chambers reservoir in Navarro County. Appellees are Pelican Isle Owners Association, Albert Aylor, Jackie Green, and Dan Carroll, who are defendants in a suit arising out of a dispute about the covenants and restrictions affecting Humphrey's land in the Pelican Isle development.

## THE DISPUTE

After purchasing the property, Humphrey re-platted two lots into one with the approval of the Navarro County Office of Planning & Development. A controversy arose over whether Humphrey could locate a portable, modular structure on the property. After the issue was discussed at an annual meeting of the Pelican Isle Owners Association, the Architectural Control Committee for the development issued a letter accepting the proposed structure. Humphrey then applied to the Tarrant Regional Water District for a permit to install the modular home, but before the permit was issued, the Association rescinded its approval letter.

Humphrey sued Appellees asserting claims of promissory estoppel, breach of fiduciary duty, negligence, negligent misrepresentation, and fraud. The trial court granted no-evidence motions for summary judgment, and Humphrey presents three issues on appeal.

## THE ISSUES

1. Did the trial court err in granting a summary judgment when the motion failed to identify a specific element of plaintiff's causes of action as required by Rule 166a(i)?

2. Did the trial court err in granting a no-evidence summary judgment for defendants based on an affirmative defense on which defendants had the burden of proof?

3. Did the trial court err in granting a summary judgment in favor of two defendants without proper notice and in favor of another defendant who did not move for summary judgment?

## STANDARD OF REVIEW

A no-evidence motion for summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard of review. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003).

The Corpus Christi Court has explained the rule authorizing a no-evidence motion for summary judgment:

1. A no-evidence motion can only be brought against "a claim or defense on which an adverse party would have the burden of proof at trial," TEX.R. CIV. P. 166a(i);

2. The motion must "state the elements as to which there is no evidence," *Id.;*

3. The motion must be specific in challenging the evidentiary support for an element of a claim, TEX.R. CIV. P. 166a cmt.;

4. Paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case, *Id.;*

5. To defeat the motion the non-movant need only point out evidence that raises a fact issue on the challenged elements, *Id.;* and

6. The non-movant is not required to marshal its proof. *Id.*

*See Oasis Oil Corp. v. Koch Ref. Co. L.P.*, 60 S.W.3d 248, 252 (Tex.App.-Corpus Christi 2001, pet. denied).

## THE MOTIONS

The pertinent part of each of the no-evidence motions for summary judgment states:

Plaintiff can provide no evidence that Plaintiff could have obtained an improvement permit from Tarrant Regional Water District for the type of structure that is described in Plaintiff's Petition. If no permit could be obtained no structure could have been installed and nothing the Defendants did or did not do would make any difference making the allegations in this suit moot. In support of this motion, Defendant offers the copy of the letter from the General Counsel for Tarrant Regional Water District dated September 7, 2005 and addressed to the counsel for Plaintiff as attached hereto as Exhibit "A".

The letter attached to the motions states, in part: "If your client wishes to submit a new Application in accordance with the above guidelines, it will be given due consideration."

Humphrey filed a response to the motions asserting that they are deficient because they identify neither the causes of action stated by the Plaintiff nor the specific elements of the causes of action challenged. She also filed summary judgment evidence to refute the motions.

## RULE 166a(i)

■ The party moving for a no-evidence summary judgment must specifically state

the elements as to which there is allegedly no evidence. *See* TEX.R. CIV. P. 166a(i); *Bean v. Reynolds Realty Group, Inc.* 192 S.W.3d 856, 859 (Tex.App.-Texarkana 2006, no pet.); *Meru v. Huerta,* 136 S.W.3d 383, 386 (Tex.App.-Corpus Christi 2004, no pet.)

■ Appellees' motions for summary judgment do not specify the elements of Humphrey's various causes of action on which they claim there is no evidence. *See id.* This requirement is strictly construed. *Meru,* 136 S.W.3d at 386. A motion that fails to present grounds is legally insufficient as a matter of law.[1] *See id.; Bean,* 192 S.W.3d at 859 (citing *Abraham v. Ryland Mortgage Co.,* 995 S.W.2d 890, 892 (Tex.App.-El Paso 1999, no pet.)). Whether Humphrey could have obtained or might later obtain a permit may be an evidentiary fact, but it is not an "element" of a claim based on promissory estoppel, breach of fiduciary duty, negligence, negligent misrepresentation, or fraud. Because the motions lack specificity, we sustain Humphrey's first issue.

## CONCLUSION

Because Appellees' motions for a no-evidence summary judgment fail as a matter of law, we have sustained Humphrey's first issue, and we need not reach her remaining issues. We reverse the trial court's judgment and remand the cause for further proceedings.

Chief Justice GRAY concurring.

TOM GRAY, Chief Justice, concurring.

The judgment is based upon the majority's application of authority from other courts of appeals but fails to discuss relevant procedural differences between this case and the binding precedent from this Court, which precedent had acknowledged the authority from another court of appeals. Failure to consistently follow our precedent leads to uncertainty of the trial court and litigants and thereby increases the expense of litigation in this Court's district. By failing to discuss the procedural difference between this Court's precedent and the relevant differences in this case, litigants could be misled and may erroneously conclude we are silently overruling seemingly controlling precedent. We are not.

This Court has expressly held that by failing to complain to the trial court about the lack of specificity of the element on which the movant asserts that there is no-evidence, nothing is preserved for review. *Watson v. Dallas Indep. Sch. Dist.,* 135 S.W.3d 208, 227–228 (Tex.App.-Waco 2004, no pet.) ("This Court has concluded that a nonmovant must object to a no-evidence motion which it contends does not provide adequate specificity in order to present such an issue for appellate review.") (Opinion by Justice Reyna, joined only by Justice Vance.); *Fletcher v. Edwards,* 26 S.W.3d 66, 72 n. 5 (Tex.App.-Waco 2000, pet. denied) ("The Fletchers' fifth issue questions whether the no-evidence portion of Appellees' summary judgment motion adequately identifies the element(s) of the Fletchers' claims on which Appellees contend there is no evidence. However, they did not object to the form of Appellees' motion in their written response. Accordingly, they failed to preserve this issue for

1. The Corpus Christi Court treats a deficient no-evidence motion as a traditional motion for summary judgment. *See, e.g., Meru v. Huerta,* 136 S.W.3d 383, 387 (Tex.App.-Corpus Christi 2004, no pet.); *Richard v. Reynolds Metal Co.,* 108 S.W.3d 908, 912 (Tex. App.-Corpus Christi 2003, no pet.). Considering the summary judgment evidence produced by the Plaintiff, we would also find that the motions fail under the traditional summary judgment analysis.

our review.") (Opinion by Chief Justice Davis, joined only by Justice Vance.); *Williams v. Bank One,* 15 S.W.3d 110, 117 (Tex.App.-Waco 1999, no pet.) ("Williams failed to object to the form of Bank One's motion in her written response to the motion or in any other pleading. Accordingly, we conclude that she has failed to preserve her complaint that the motion fails to specifically identify the essential elements of her counterclaims on which there is no evidence.") (Unanimous opinion by Chief Justice Davis, joined by Justices Vance and Gray.).

The Court notes only that: "Humphrey filed a response to the motions asserting that they are deficient because they identify neither the causes of action stated by the Plaintiff nor the specific elements of the causes of action challenged." Humphrey, the plaintiff, did far more than make these "assertions." Humphrey filed a specific objection to the motion on this basis, citing appropriate authority to support the objection. She went on to explain in some detail why the motion, as a no-evidence motion, was defective and that it was actually a traditional motion for summary judgment because it was based on an effort to establish an affirmative defense.

But Humphrey did not stop with making the objection. She repeated her complaints, supported by her arguments, throughout the process. She obtained an adverse ruling on her objection in the trial court's judgment. And she continued to complain about this issue in the post-judgment proceedings in the trial court.

While her pleadings do not set out the elements of her claims, a procedure which if required would greatly facilitate the presentation and review of summary judgments, and particularly no-evidence summary judgments, her objection was made, she pursued it to an adverse ruling, and she now complains about that ruling on appeal.[1]

With these additional comments, I join the judgment of the Court.

---

1. The harm analysis is severely truncated in the Court's opinion, to the point that there really is none. The harm analysis in this case, including what the result may be if this were analyzed for harm given that everyone understood the defense being asserted, is intriguing but was not briefed as such by the parties and will be left for another day.