

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00017-CV

IN THE ESTATE OF BILLY WAYNE PHILLIPS, DECEASED

On Appeal from the County Court at Law No. 2
Hunt County, Texas
Trial Court No. 18697

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens
Dissenting Opinion by Justice Rambin

# MEMORANDUM OPINION

The last will and testament of Billy Wayne Phillips devised all of his estate, including "an approximately fourteen-acre tract of land in Hunt County (the Property)," to two of his children, Sheila Juanita Smith and Billie Kimberly Hudson. *See Est. of Phillips*, No. 06-22-00015-CV, 2022 WL 2919505, at *1 (Tex. App.—Texarkana July 26, 2022, no pet.) (mem. op.) (footnote omitted). "Phillips's will was admitted to probate in the County Court at Law No. 2 of Hunt County, and Smith was appointed independent executrix of Phillips's estate." *Id.* Phillips's will gave Smith "'full power and authority over any and all of [his] estate' and authorized her 'to sell, manage, and dispose of the same or any part thereof . . . and to do any and all things proper or necessary in the orderly handling and management of [his] estate.'" *Id.* (alterations in original). As a result, in a prior opinion, we held that Smith had the superior right to possess the Property and upheld the trial court's order requiring Hudson to turn over the Property to Smith so she could proceed with the due administration of Phillips's estate.[1] *Id.* at *4–5.

Now, Hudson appeals from the trial court's order of sale. On appeal, Hudson argues that the trial court erred by striking her partition claims. Alleging that her partition claims are valid, Hudson also argues that the trial court erred by ordering the property sold before deciding the partition claims on the merits. We affirm the trial court's order of sale because, at the time it was entered, Hudson had no partition claims in her live pleading.

---

[1]Smith's application for turnover stated that she wished "to proceed with marketing and the sale of the Property so that she [could] pay any outstanding debts of the estate and costs of administration."

## I.    Factual and Procedural Background

The unique procedural facts dictate the outcome in this case.  They show that, while Hudson once asserted claims of partition, she abandoned her right to appeal them.

On February 15, 2022, Hudson filed a petition in intervention seeking partition of the Property in kind pursuant to both Chapter 23A of the Texas Property Code and Sections 360.001, et seq., of the Texas Estates Code.  In response, Smith moved to dismiss the Chapter 23A partition claim under Rule 91a of the Texas Rules of Civil Procedure on the ground that it had no basis in law because Phillips's will did not devise specific real property to Hudson and expressly gave Smith the power of sale.  On April 14, 2022, the trial court dismissed Hudson's partition suit "under Texas Property Code [Chapter] 23A" and awarded Smith attorney fees.  Hudson appealed that decision, and, in a prior opinion, we explained that we lacked jurisdiction to address the merits of Hudson's complaint because "the order of dismissal did not dispose of that portion of the Partition Suit brought under Section 360.001, et seq., of the Texas Estates Code." *Id.* at *6.

After our opinion issued, Smith later filed a motion for summary judgment on Hudson's remaining Chapter 360 partition claim, arguing that the will provided no means for partition and instead authorized sale of the Property.[2]  On September 19, 2022, the trial court granted Smith's summary judgment motion on the Chapter 360 partition claim.

---

[2]Hudson filed a first amended petition in intervention arguing that Phillips "intended to divide his real property by giving 7 acres to [Hudson] and 7 acres to Smith corresponding to the location of their respective manufactured homes."  Hudson's first amended petition asserted breach of fiduciary duty against Smith, negligence, and again sought partition pursuant to Chapters 23 and 23A of the Texas Property Code and Chapter 360 of the Texas Estates Code.  Hudson appealed the trial court's November 17, 2022, order on special exceptions to her first amended

3

As a result, "Hudson no longer [sought] to pursue partition under . . . section [360.001, et. seq.]." She filed an amended petition asserting Chapter 23 and 23A partition claims. In response, Smith filed a special exception because "[a]ll grounds for relief under Texas Property Code [Section] 23A.003 et seq. [and Section 23.001, et seq.,] [were] dismissed by this court and therefore [were] no longer viable causes of action." To cure this issue, on October 21, 2022, Hudson filed a second amended petition that removed her partition claim under Chapter 360 of the Texas Estates Code but retained partition in kind claims under Chapters 23 and 23A of the Texas Property Code. The trial court found that the second amended petition "d[id] not cure the defects as alleged in [Smith's] Special Exceptions" and struck the Chapters 23 and 23A partition claims. Then, the second amended petition was supplanted by Hudson's third amended petition filed on November 23, 2022.

Hudson's third amended petition added Stormie Lea Brown[3] as an intervenor, retained breach of fiduciary duty and negligence claims against Smith in her individual capacity, and asserted unjust enrichment and conversion claims on behalf of both Hudson and Brown. The third amended petition noted that Smith had a contract for sale on the Property but did not seek partition in kind. Instead, it asked the trial court to prevent the sale of the Property.[4]

---

petition in intervention, but we dismissed the appeal for want of jurisdiction because Hudson had remaining conversion claims, and "[t]he partition claims were obviously only a part of the intervention proceedings." *Est. of Phillips*, No. 06-22-00092-CV, 2023 WL 2905386, at *1 (Tex. App.—Texarkana Apr. 12, 2023, no pet.) (mem. op.). Hudson did not appeal our prior order.

[3]The petition alleged that Phillips had gifted one acre of real property adjacent to the Property to Hudson's daughter, Brown, who had built a home on the parcel of land.

[4]Smith moved to dismiss the third amended petition in intervention.

4

On February 9, 2023, the trial court entered an order finding that Smith had the power to sell the Property without further order of the court. Smith filed a notice appealing the February 9 order.[5]

## II.     Hudson Had No Viable Partition Claims Pending Before the Trial Court

While Hudson appeals the order of sale, all of her arguments are related to the issue of partition in kind under Chapters 23 and 23A of the Texas Property Code. Specifically, she complains of the trial court's prior orders regarding partition made in reference to superseded pleadings and argues that "Hudson's partition claims must be properly addressed and resolved on the merits before the court can consider whether Smith has the right to sell the real property." In sum, Hudson maintains that her partition-in-kind claims are viable.

We disagree. Our review of the record shows that Hudson failed to raise any partition claims in her third amended petition in intervention. This is critical because the live petition superseded Hudson's prior petitions. *See Lake Jackson Med. Spa, Ltd. v. Gaytan*, 640 S.W.3d 830, 839 n.7 (Tex. 2022) ("We do not consider Gaytan's original or first-amended petitions because her second-amended petition superseded the prior petitions." (citing *Bos v. Smith*, 556 S.W.3d 293, 306 (Tex. 2018) ("Amended pleadings supersede prior pleadings, and any claim not carried forward in an amended pleading is deemed dismissed."))); *Bean v. Reynolds Realty Grp., Inc.*, 192 S.W.3d 856, 861 (Tex. App.—Texarkana 2006, no pet.); *J.M. Huber Corp. v. Santa Fe Energy Res., Inc.*, 871 S.W.2d 842, 844 (Tex. App.—Houston [14th Dist.] 1994, writ denied)

---

[5]Although the remaining intervention claims are pending, Smith appeals the power of sale. There is no question that we have jurisdiction over this appeal. As a result, the parties did not dispute our appellate jurisdiction.

(describing that "[a]n amended petition . . . supersedes all prior petitions and operates to dismiss . . . causes of action to the extent they are omitted from the amended pleading").

Relevant to our conclusion, the Texas Supreme Court has written:

> In civil causes generally, filing an amended petition that does not include a cause of action effectively nonsuits or voluntarily dismisses the omitted claims as of the time the pleading is filed. No hearing is necessary to effect the nonsuit. . . . Our rules provide that amended pleadings and their contents take the place of prior pleadings. TEX. R. CIV. P. 65. So, causes of action not contained in amended pleadings are effectively dismissed at the time the amended pleading is filed, except for possible circumstances not present here. *See Ortiz v. Collins*, 203 S.W.3d 414, 421 n.4 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (amended pleading specifically reserved right to re-assert or appeal trial court order dismissing causes of action and which causes of action were, therefore, not pleaded in the amended pleading).

*FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Houston Sys.*, 255 S.W.3d 619, 632–33 (Tex. 2008). Seizing on the Texas Supreme Court's citation to *Ortiz*,[6] the dissenting opinion states it would apply the *Ortiz* exception to revive Hudson's abandoned claims based on language in the third amended petition, which stated,

> Intervenors do not waive or release any rights, claims, causes of action, or defenses, or make any election of remedies that they have or may have, but instead expressly reserve such rights, claims, and causes of action.
>
> . . . . Further, Intervenors reserve the right to re-assert / re-plead causes of action that have been dismissed by this Court *without* prejudice, and/or causes of action that a court of appeals may determine were wrongly dismissed by the trial court.

But *Ortiz* is easily distinguished.

In *Ortiz*, the appellees asserted that Ortiz abandoned some of his claims by failing to include them in an amended petition. *Ortiz*, 203 S.W.3d at 421 n.4. The trial court granted

---

[6]*Ortiz*, 203 S.W.3d 414.

summary judgment on and dismissed all of Ortiz's claims, including the claims omitted from the amended petition. *Id.* at 419. As a result, the appellate court addressed Ortiz's appeal of the summary judgment on all his claims. *Id.* at 421. This is not the procedural posture presented here.[7]

Also, the reservation in the amended petition in *Ortiz* stated, "By this pleading, Plaintiff gives notice that he does not waive and expressly reserves his right to *pursue* or re-assert either in this court and/or *on appeal those causes of actions* [sic] *previously dismissed* by the Court and not re-pled herein." *Id.* at 421 n.4 (emphasis added) (alteration in original). While the *Ortiz* reservation reserved specific causes of action dismissed by the trial court for purposes of appeal, Hudson's reservation did not reserve a right to pursue causes of action previously dismissed for purposes of appeal. Instead, she only "reserve[d] the right to re-assert / re-plead causes of action that have been dismissed by this Court *without* prejudice."[8] But Hudson acknowledged that the trial court's grant of Smith's special exceptions "effectively dismiss[ed] all . . . of Hudson's Partition claims with prejudice." In fact, Hudson's claims were not "effectively" dismissed with prejudice, they were dismissed with prejudice. This is because where, as here, "the defect is not curable, dismissal is with prejudice."[9] *In re Shire PLC*, 633 S.W.3d 1, 13 (Tex. App.—Texarkana 2021, orig. proceeding) (citing *Joseph E. Seagram & Sons, Inc. v. McGuire*, 814

---

[7]The dissent characterizes "Hudson's omission of Chapter 23A from her most recent petition [a]s a jurisdictional matter." It is not. Rather, this is a matter of waiver.

[8]Although the reservation also stated that Hudson reserved "causes of action that a court of appeals may determine were wrongly dismissed by the trial court," no appellate opinion has determined that any cause of action was wrongly dismissed.

[9]Although in *Shire* we stated that a dismissal with prejudice ends the litigation, there are other claims in intervention that are still pending here.

7

S.W.2d 385, 386 (Tex. 1991)). Because the Chapter 23 and 23A partition claims were dismissed on the ground that they had no basis in law, the trial court's special exceptions order ruled that Hudson tried, but failed, to cure the defects raised by Smith's special exceptions because they were incurable. Accordingly, the dismissal of the partition claims was with prejudice. Because Hudson only reserved those claims that were dismissed without prejudice, the *Ortiz* exception does not apply. Instead, the general rule stated in *Lake Jackson* and *FKM Partnership* operates to result in the conclusion that Hudson abandoned her partition claims.

As a result, the trial court did not err by entering the order of sale.

## IV. Conclusion

We affirm the trial court's judgment.


                                        Scott E. Stevens
                                        Chief Justice



                              DISSENTING OPINION

Billy Phillips died on April 17, 2019, leaving the land at issue as the principal asset of his estate. Smith's initial inventory, filed on October 20, 2021, estimated the 14.1 acres at issue to be worth $190,660.00 of the estate's total value of $337,480.49. Smith did not list any debts of the estate. Smith's accounting, filed on January 23, 2023, showed that she had used the estate's cash-in-hand to pay the late fee on the property taxes for 2020 and to make timely payment of the property taxes for 2021. Property taxes for 2022 had accrued during the pendency of the

8

estate in the amount of $4,637.20, which exceeded the remaining cash-in-hand, but the estate had an old pickup and a flatbed trailer to sell. More than three years after Phillips's death, the biggest debt Smith asserted the estate owed was "administration cost and attorney's fees in the amount of $36,048.60," which is more than a tenth of the estate's value. In sum, the sisters' dispute over whether to sell or split the land has brought about both delay and expense, most of which is due to uncertainty over the impact of a new statute, the Uniform Partition of Heirs Property Act, Chapter 23A of the Texas Property Code.

The majority holds that Hudson's omission of Chapter 23A from her most recent petition is a jurisdictional matter that prevents this Court from reaching the merits of the sisters' dispute, namely the application, if any, of Chapter 23A during the administration of an estate by an executor. There is much strength to the general rule that either a cause of action is in a petition or it is not. *See Lake Jackson Med. Spa, Ltd.*, 640 S.W.3d at 840 (citing *FKM P'ship, Ltd.*, 255 S.W.3d at 632). Nine times out of ten, or maybe ninety-nine times out of one hundred, it would undermine the predictability of litigation and would be a net drain on judicial resources to be embroiled in satellite questions over the meaning and procedural context of savings clauses in petitions.

This case, however, has been before us twice before. *Est. of Phillips* (*Estate of Phillips I*), 2022 WL 2919505, at *1; *Est. of Phillips* (*Estate of Phillips II*), 2023 WL 2905386. In *Estate of Phillips I*, we upheld the trial court's order requiring Hudson to turn the property over to the executor, Smith. In *Estate of Phillips II*, we held that Hudson's arguments regarding Chapter 23A had not yet matured under the probate exception to the "'one final judgment'

9

rule,"[10] because the ruling then on appeal did not dispose of all issues in the "phase"[11] of the litigation regarding the property. Now Hudson's arguments have matured because this is the last stop before Smith sells the land. But we tell Hudson she has no appeal because she dropped Chapter 23A from her most recent petition. Hudson's third amended petition had savings clause language.[12] Hudson filed this at a time when *Estate of Phillips II* was pending, and she went on to initiate the present appeal, *Estate of Phillips III*, while *Estate of Phillips II* was pending.

The Texas Supreme Court has provided an exception that may apply when the trial court has ruled against a party's cause of action and the party repleads without expressly asserting that cause of action, but with a reservation clause asserting that the party maintains the right to appeal and, if successful on appeal, to proceed on the cause of action from the prior petition. *FKM P'ship, Ltd.*, 255 S.W.3d at 632 (citing *Ortiz*, 203 S.W.3d at 421 n.4). I do not comment on the scope of that exception other than to say that I would apply it to the unique facts of this case.

As a result, I would reach the merits of the Chapter 23A question. Admittedly, there is scant authority in this field. Both of the sisters rightly accuse the other of failing to cite a single case holding that Chapter 23A prevails over the authority of an executor of an estate to collect and dispose of estate assets, or holding the opposite, or holding Chapter 23A must be meshed

---

[10] *Est. of Phillips*, 2023 WL 2905386, at *1 (quoting *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006)).

[11] *Id.* (quoting *De Ayala*, 193 S.W.3d at 579).

[12] Stating that Hudson "reserve[d] the right to re-assert / re-plead causes of action that have been dismissed by [the trial court] *without* prejudice, and/or causes of action that a court of appeals may determine were wrongly dismissed by the trial court."

10

with existing probate procedures.[13]  Indeed, were we to squarely decide these issues, it appears that we would be the first to do so.[14]  As the history of the estate of Phillips demonstrates, there is need for a "yes" or "no" answer to whether Chapter 23A applies to the administration of an estate by an executor.

Accordingly, I dissent.

Jeff Rambin
Justice

Date Submitted:       October 5, 2023
Date Decided:         February 8, 2024

---

[13]Hudson states, "None of the cases cited in Smith's motion [in the trial court] addresses the interaction between powers granted in a will and the right to seek a partition [under Chapter 23A]."  Smith, for her part, states, "Hudson offers no authority supporting her implication that 23A supercedes [sic] the Texas Estates Code or the terms of a will."

[14]Our sister court in San Antonio has cited the availability of Chapter 23A during estate administration as a reason to believe that executors do not have unfettered reign to dispose of estate property, but must instead act as fiduciaries, and thereby perhaps avoid Chapter 23A being invoked.  *In re Est. of Stewart*, No. 04-20-00103-CV, 2021 WL 1987541, at *9 (Tex. App.—San Antonio May 19, 2021, pet. denied) (mem. op.).  In other words, while *In re Estate of Stewart* mentioned Chapter 23A, it did not deal with a party actually invoking it.  *Id.*