

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00555-CV

Charles Louis **HOGAN**, Jr.,
Appellant

v.

Kenneth **EVERETT**,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 24-08-0604-CVA
Honorable Bob Brendel, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice

Sitting:    Irene Rios, Justice
Lori I. Valenzuela, Justice
Velia J. Meza, Justice

Delivered and Filed: June 3, 2026

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

Appellant Charles Louis Hogan, Jr. sold a tract of land to appellee Kenneth Everett. As part of the transaction, Hogan alleges he and Everett had an oral agreement that Everett would deed a smaller tract of land back to Hogan, which Everett denies. Thus, Hogan sued Everett, alleging breach of contract, fraud, and unjust enrichment, and sought a declaratory judgment. The trial court granted summary judgment in favor of Everett on all of Hogan's claims.

We hold that the trial court properly granted summary judgment in favor of Everett on Hogan's breach of contract claim. However, we find Everett's summary judgment evidence insufficient to support a judgment as a matter of law in his favor on the remainder of Hogan's claims. Therefore, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

## BACKGROUND

In August 2020, Hogan sold Everett a 136-acre tract of land for approximately $150,000. Hogan signed a warranty deed conveying the 136-acre tract to Everett. Besides access to an easement associated with the 136-acre tract, no other representations are made in the deed.

Four years later, in August 2024, Hogan sued Everett, alleging that Everett breached an oral agreement that, as part of the August 2020 sale, Everett would deed ownership of a 66-acre tract of land to Hogan. In his petition, Hogan claimed that the $150,000 was for "the fair market value of 70 acres," and that Everett stated he would deed the 66-acre tract to Hogan after his divorce as the remaining part of the consideration for the August 2020 sale, but he had not done so. Hogan asserted claims for breach of contract, unjust enrichment, and fraud and sought a declaratory judgment setting aside the August 2020 sale.

Everett answered and filed a no-evidence motion for summary judgment. In support of his motion, Everett attached the warranty deed for the August 2020 sale, a check representing the payment for the August 2020 sale, and his own affidavit. Hogan did not file a timely response to Everett's motion. However, after an agreed continuance and extension to file a response, Hogan filed a response in which he generally argued that a genuine issue of material fact existed for each of his claims. In support of his response, Hogan attached the same general warranty deed for the August 2020 sale, a land survey of the 136-acre tract, his own affidavit, and a link to an audio

recording allegedly "confirming the existence and terms of the [oral] agreement." Notably, Hogan's attached affidavit consisted of two pages. The first page contained enumerated paragraphs one through six, with the second half of paragraph six missing. The second page contained a single paragraph numbered fourteen.

The trial court held a hearing on Everett's motion. During the hearing, the trial court inquired into why Hogan's affidavit made the sequential jump from paragraph number six to paragraph number fourteen. Hogan's counsel explained that he had been out of the office and that a page of Hogan's affidavit, page two containing paragraphs seven through thirteen, had mistakenly been omitted when filing the response. The trial court stated that the affidavit, as is, did not serve as a proper predicate for the audio recording and did not, on its own, create a genuine issue of material fact. However, over Everett's objection, the trial court granted Hogan leave to file the missing page by the end of the day.

Shortly after the hearing, Hogan filed an amended response to Everett's motion; however, the amended response included the same incomplete affidavit. Addressing the incomplete affidavit, the trial court's order recites the following:

> During arguments, the court discovered that the affidavit of Hogan attached as summary judgement [*sic*] evidence was missing part of paragraph 6 and all of paragraphs 7 through 13. Everett objected to the inclusion of any further summary judgement [*sic*] evidence since Everett had already agreed to allow late filed summary judgment evidence. The court overruled the objection of Everett and granted leave of court for Hogan to file the complete affidavit of Hogan for the court's consideration before 5:00 p.m. on May 7, 2025 because it appears the missing paragraphs were a clerical error. The court also stated that the court had heard the arguments of the parties and will make a ruling based on the summary judgment evidence once the completed affidavit is filed.
>
> On May 7, 2025 at 11:05 a.m., Hogan filed an amended response to the motion for summary judgment. However, the amended response was still missing part of paragraph 6 and all of paragraphs 7 through 13 of Hogan's affidavit. This court emailed Hogan's attorney and followed up with a phone call to an assistant at Hogan's attorney's office and an additional email to alert Hogan of the paragraphs

still missing from the response. On the morning of May 8, 2025 and the morning of May 9, 2025, this court took judicial notice of its file and did not find any additional responses filed by Hogan after May 7, 2025 at 11:05 a.m. This court also contacted the District Clerk who stated that there were no pending pleadings in the court's efile system.

The trial court's order goes on to grant summary judgment in favor of Everett.[1] After the trial court granted summary judgment, Hogan filed a "motion to reinstate," in which he attached his complete affidavit—which included page two—and argued that he had attempted to file the complete affidavit after the hearing, but that the district clerk rejected the filing. The record does not show that the trial court ruled on the motion. Hogan appealed.

## HOGAN'S APPEAL

On appeal, Hogan does not challenge the trial court's version of events regarding the filing of Hogan's affidavit and amended response. Rather, in four issues that we review as two, Hogan argues (1) the trial court erred in excluding his complete affidavit and (2) that Everett's no-evidence motion for summary judgment failed to satisfy Texas Rule of Civil Procedure 166a(i).

## ISSUE ONE: HOGAN'S AFFIDAVIT

We first address Hogan's contention that the trial court erred in failing to consider his complete affidavit. We review the trial court's decision under an abuse of discretion standard. *Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017) (per curiam). "A trial court abuses its discretion by acting arbitrarily and unreasonably or misapplying the law to the established facts of the case." *Huynh v. Blanchard*, 694 S.W.3d 648, 674 (Tex. 2024).

Hogan did not file a timely response to Everett's motion for summary judgment. However, by agreement of the parties, Hogan filed a late response and attached his incomplete affidavit. And,

---

[1] Hogan also attached additional evidence to his amended response filed after the hearing. Because the trial court only granted leave to file the complete affidavit, it excluded the additional evidence attached to Hogan's amended response. Hogan does not challenge the trial court's exclusion of this additional evidence on appeal.

although the trial court granted leave for Hogan to file his complete affidavit by the end of the day, the record before the trial court shows that Hogan did not do so.

On appeal, Hogan argues the trial court abused its discretion by failing to consider his complete affidavit because the trial court had already granted leave to file his complete affidavit. While the trial court granted leave to file a complete affidavit, the affidavit filed by Hogan after the hearing, with his amended response, still contained the same deficiencies as the original affidavit—i.e., it was missing page two. The trial court set a deadline for the expiration of Hogan's leave to file the complete affidavit, and Hogan cites no authority holding that it lacked discretion to do so. Because Hogan did not comply with that deadline, the record does not support his assertion that he had leave of court to file the remainder of the affidavit, nor does it mandate a conclusion that the trial court was required to consider the untimely filed portions of the affidavit. Based on the trial court's sequence of events as described in its order, which Hogan does not challenge on appeal, we hold that the trial court did not err in exercising its discretion to ignore the late-filed portions of Hogan's affidavit. *See Huynh*, 694 S.W.3d at 674; *see also In re Est. of Blankenship*, 392 S.W.3d 249, 258 (Tex. App.—San Antonio 2012, no pet.) ("We must uphold the trial court's decision to exclude summary judgment evidence if there is any legitimate basis for its ruling.").

Hogan additionally argues that the trial court erred in granting summary judgment in favor of Everett because his complete affidavit raised a genuine issue of material fact, and because his complete affidavit served as the evidentiary predicate for the audio recording, which he attached as evidence in his response. However, these two arguments are premised on statements made in Hogan's complete affidavit. Because we find the trial court acted within its discretion in not

considering Hogan's complete affidavit when rendering summary judgment, we need not address these arguments. *See* TEX. R. APP. P. 47.1.

## ISSUE TWO: SUMMARY JUDGMENT

Everett moved for summary judgment on all of Hogan's claims, which were: breach of contract, fraud, unjust enrichment, and a request for a declaratory judgment.[2] For the reasons below, we hold that the trial court properly granted no-evidence summary judgment in favor of Everett on Hogan's breach of contract claim. However, as to Hogan's remaining claims, we hold that Everett's no-evidence motion fails to meet the specificity requirements of Rule 166a(i) and his evidence fails to establish that he is entitled to summary judgment as a matter of law.

### *Standard of Review*

"We review the trial court's summary judgment de novo." *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). While conducting our de novo review, we scrutinize the record "in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

Because Everett attached and relied on evidence in support of his motion for summary judgment, his motion is regarded as a hybrid motion for summary judgment. *See Binur v. Jacobo*, 135 S.W.3d 646, 650–51 (Tex. 2004); *Coleman v. Prospere*, 510 S.W.3d 516, 518–19 (Tex. App.—Dallas 2014, no pet.) ("The substance of the motion and not its form or the attachment of evidence determines whether the motion is a no-evidence, traditional, or combined motion."). As

---

[2] Hogan's petition additionally sought recovery on a cause of action for specific performance. However, specific performance is not a cause of action, but rather a remedy for breach of contract. *See White Knight Dev., LLC v. Simmons*, 718 S.W.3d 203, 209 (Tex. 2025) (citations and internal quotation marks omitted) ("Specific performance is an equitable remedy that may be awarded for breach of contract as an alternative to legal damages. Specific performance is not a separate cause of action but rather a substitute for monetary damages when such damages would be inadequate."); *Marx v. FDP, LP*, 474 S.W.3d 368, 374 (Tex. App.—San Antonio 2015, pet. denied).

a hybrid motion, we will review the trial court's decision under the no-evidence standard, and only if a point fails appellate review under this standard, will we move to review it under the traditional standard. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

Under the no-evidence standard, "the nonmovant must produce at least a scintilla of evidence raising a genuine issue of material fact as to the challenged elements." *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019). When the evidence produced by the non-movant "is so weak as to do no more than create a mere surmise or suspicion of a fact," then such evidence is less than a scintilla. *Id.*

Under the traditional standard, "the party moving for summary judgment bears the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). "The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence." *Transcon. Ins. Co. v. Briggs Equip. Tr.*, 321 S.W.3d 685, 692 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

A. *Specificity of Everett's No-Evidence Motion for Summary Judgment*

Hogan argues Everett's no-evidence motion for summary judgment failed to meet the specificity requirements of Texas Rule of Civil Procedure 166(a)(i). To meet the specificity requirements of Rule 166a(i), a no-evidence motion for summary judgment "must allege that there is no evidence of an essential element of the adverse party's claim." *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). The motion cannot merely allege that the nonmovant cannot prove a claim; rather, the motion must be specific in the elements the movant is challenging. TEX. R. CIV. P. 166a(i);[3] *Bean v. Reynolds Realty Grp., Inc.*, 192 S.W.3d 856, 859 (Tex. App.—

---

[3] The Texas Supreme Court amended Texas Rule of Civil Procedure 166a effective March 1, 2026. The citations to the rule that appear in this opinion refer to the version that was in effect at the time this lawsuit was filed.

Texarkana 2006, no pet.) ("If the [no-evidence] motion is not specific in challenging a particular element of a claim or defense, it is insufficient as a matter of law."); *Meru v. Huerta*, 136 S.W.3d 383, 387 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.) ("Rule 166a(i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case.").

Addressing Hogan's claim that Everett breached the alleged oral contract for the transfer of the 66-acre tract, Everett's motion recited the elements Hogan bore the burden to satisfy to prevail, which are "(1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach." *Brooks v. Excellence Mortg., Ltd*., 486 S.W.3d 29, 36 (Tex. App.—San Antonio 2015, pet. denied) (citations and internal quotation marks omitted); *see also BoRain Cap., LLC v. Hashmi*, 533 S.W.3d 32, 36 (Tex. App.—San Antonio 2017, pet. denied) (reciting the elements of a valid contract as "(1) an offer, (2) acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding").

Everett's motion then alleges that Hogan cannot come forward with a scintilla of evidence raising a genuine issue of material fact on the element of a valid oral contract between Hogan and Everett. Everett's motion was therefore sufficient to assert a no-evidence challenge to that required element of Hogan's claim. Hogan contends his complete affidavit raises a genuine issue of material fact; however, we hold the trial court acted within its discretion by not considering the complete affidavit because Hogan's incomplete affidavit offers, at best, a mere surmise or suspicion of fact on this challenged element. For these reasons, we hold Everett's motion sufficiently met the requirements of Rule 166a(i) and that Hogan failed to produce evidence raising a genuine issue of

material fact. TEX. R. CIV. P. 166a(i); *KMS Retail Rowlett, LP*, 593 S.W.3d at 181. Therefore, we affirm the trial court's summary judgment in favor of Everett on Hogan's breach of contract claim.[4]

While Everett's motion was sufficiently specific to move the summary judgment burden to Hogan on his breach of contract claim, the same is not true for the remainder of Hogan's claims. That is, aside from Everett's challenge to Hogan's breach of contract claim, his motion does not state the elements of Hogan's remaining claims, nor does his motion specify which elements of Hogan's claims he contends Hogan cannot substantiate with evidence. *See* TEX. R. CIV. P. 166a(i); *Bean*, 192 S.W.3d at 859; *Meru*, 136 S.W.3d at 387. Rather, after generally alleging his version of the events, Everett's motion merely alleges Hogan "has produced no evidence of any kind to support his additional claims" of fraud, unjust enrichment, and a request for a declaratory judgment. This is the precise kind of "conclusory" or "general no-evidence" challenge which the rule is written to prohibit. *See* TEX. R. CIV. P. 166a(i), cmt. to 1997 change; *Callaghan Ranch, Ltd. v. Killam*, 53 S.W.3d 1, 3 (Tex. App.—San Antonio 2000, pet. denied); *cf. White Rock Expl., Inc. v. Freeman Mills, P.C.*, 607 S.W.3d 429, 438–39 (Tex. App.—Texarkana 2020, no pet.) (holding movant's motion for no-evidence summary judgment met the specificity requirements where the motion "included six paragraphs attacking the lack of evidence for the elements of the claims asserted" and "stated the elements of each claim and then stated the specific elements being challenged"). Accordingly, Everett's motion fails to meet the specificity requirements for his

---

[4] Although the record of the hearing suggests, and Hogan avers, that the trial court may have considered the parol evidence rule when deciding whether to grant summary judgment on Hogan's breach of contract claim, the trial court's written order does not contain any indication that it relied on the parol evidence rule as a ground for granting summary judgment. *See Gonzales v. Thorndale Coop. Gin & Grain Co.*, 578 S.W.3d 655, 657 (Tex. App.—Houston [14th Dist.] 2019, no pet.) ("Longstanding case law only permits the appellate court to look to the trial court's formal summary-judgment order to determine the trial court's grounds, if any, for its ruling."); *Artuso v. Town of Trophy Club*, No. 02-20-00377-CV, 2021 WL 1919634, at *4 (Tex. App.—Fort Worth May 13, 2021, no pet.) (mem. op.) ("[W]e are constrained to look only to the order granting summary judgment to determine the trial court's reasons for ruling so that litigants and appellate courts have a single place to look to determine why the trial court granted summary judgment.") (internal quotation marks, alterations, and citation omitted).

attack on Hogan's fraud claim, unjust enrichment claim, and request for a declaratory judgment and was therefore insufficient as a matter of law to support a no-evidence summary judgment on those claims. *See Callaghan*, 53 S.W.3d at 3–4.

### B. Was Traditional Summary Judgment Proper on Hogan's Remaining Claims?

Although Everett's motion was insufficient to meet the specificity requirements for no-evidence summary judgment, because his motion was a hybrid motion, we will still affirm the summary judgment if Everett carried his burden under the traditional standard. *See Ridgway*, 135 S.W.3d at 600; *Knott*, 128 S.W.3d at 216.

To prevail on his fraud claim at trial, Hogan needed to prove that "(1) [Everett] made a material representation that was false; (2) [Everett] knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) [Everett] intended to induce [Hogan] to act upon the representation; and (4) [Hogan] actually and justifiably relied upon the representation and thereby suffered injury." *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001). Because Everett's motion did not meet the specificity standards of a no-evidence motion, under the traditional standard, he was required to bring forth evidence to disprove at least one of the aforementioned elements as a matter of law. Everett failed to do so.

The summary judgment record consists of the warranty deed, check for payment, survey of the 136-acre tract, Everett's affidavit, and Hogan's incomplete affidavit. When viewed in light most favorable to Hogan as the nonmovant, this evidence does not establish that Everett has conclusively disproved any of the above listed fraud elements as a matter of law. Therefore, the trial court erred in granting summary judgment in favor of Everett on Hogan's fraud claim.

In the same vein, Everett is not entitled to summary judgment on Hogan's unjust enrichment claim. "Unjust enrichment is not an independent cause of action, but is a theory of

recovery that allows recovery to a party when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Sharp v. Mosier*, No. 04-11-00449-CV, 2012 WL 2021390, at \*4 (Tex. App.—San Antonio June 6, 2012, no pet.) (mem. op.) (internal quotation marks omitted). "Unjust enrichment demands restitution when a party receiving property or benefits would be unjustly enriched if it were permitted to retain the property or benefits at the expense of another." *Id.* (internal quotation marks omitted). "A party may recover under a theory of unjust enrichment when the profit received is unjust under the principles of equity and the defendant had some connection with the alleged wrongdoing." *Id.* None of the summary judgment evidence conclusively disproves any element of what Hogan would be required to prove to be successful on this claim.

And finally, summary judgment on Hogan's declaratory judgment action was in error. Hogan seeks a judgment declaring setting aside the sale of the 136-acre tract because "the contract is void and unenforceable due to the failure of consideration, fraudulent inducement, and the impossibility of performance as to the full agreement between the parties." Everett failed to bring forth any summary judgment evidence to support his contention that he is entitled to summary judgment as a matter of law on these points. Accordingly, the trial court erred in granting summary judgment in favor of Everett on Hogan's fraud claim, unjust enrichment claim, and request for a declaratory judgment.

## CONCLUSION

We affirm the trial court's grant of summary judgment in favor of Everett on Hogan's breach of contract cause of action. However, we conclude the trial court erred in granting summary judgment in favor of Everett on Hogan's fraud claim, unjust enrichment claim, and request for a

declaratory judgment. Accordingly, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

Lori I. Valenzuela, Justice